*In re* LORENZO VILANOVA ALFONSO, querellado.

*Número:* AB-2002-226          *Resuelto:* 7 de abril de 2003

*María L. Jiménez Colón*, de la Clínica de Asistencia Legal; *Roberto J. Sánchez Ramos*, procurador general.

PER CURIAM: El Sr. Edgar Francisco Morales Ramírez presentó una queja ante la Oficina del Procurador General respecto al abogado Lorenzo Vilanova Alfonso. En ella alegó, en síntesis, que: le había encomendado al referido abogado que lo representara en una demanda que había sido incoada contra su persona;[1] dicho abogado no contestó unos interrogatorios como tampoco compareció a unos señalamientos, conducta que desembocó en que se le eliminaran las alegaciones y se dictara sentencia en su contra; como consecuencia de lo anteriormente relatado, sus cuentas bancarias fueron embargadas, y que el abogado se había comprometido a pagarle los daños que él había sufrido, lo cual no había hecho.

El Procurador General logró, al cabo de varias gestiones, comunicarse con el licenciado Vilanova Alfonso, solicitando éste un término para contestar la queja, lo cual nunca ha hecho. Mediante escrito de 9 de agosto de 2002, el Procurador nos solicita que, habiendo desatendido el licenciado Vilanova Alfonso sus requerimientos durante el transcurso de tres meses, le ordenáramos a éste que así lo hiciera.

Mediante Resolución de 22 de octubre de 2002, le concedimos al licenciado Vilanova Alfonso un término de veinte días para que compareciera ante el Procurador General y, *además*, ante este Tribunal a "exponer las razones por las cuales no debía ser disciplinado por no contestar los requerimientos del Procurador General". Le *apercibimos*, además, que su incumplimiento con la referida orden podría conllevar la imposición de sanciones disciplinarias, "incluyendo la suspensión del ejercicio de la abogacía". Dicha Resolución *fue notificada personalmente al licenciado Vila-*

---

[1] Caso civil Núm. KAC97–0576, Sala de San Juan del Tribunal de Primera Instancia.

*nova Alfonso el 9 de diciembre de 2002.* A pesar del tiempo transcurrido, *éste no ha comparecido.*

## I

■ En *innumerables ocasiones* hemos señalado que "resulta intolerable la *incomprensible y obstinada negativa* de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, *tanto de este Tribunal como de la Oficina del Procurador General*". (Énfasis suplido.) *In re Sanabria Ortiz,* 156 D.P.R. 345 (2002). Véanse, además: *In re Lasalle Pérez,* 153 D.P.R. 368 (2001); *In re Rodríguez Servera,* 149 D.P.R. 730 (1999).

■ Debe mantenerse presente que es *obligación* de todo abogado cooperar en la tramitación e investigación de asuntos disciplinarios en su contra y que su desatención, respecto a ello, puede resultar en la imposición de *severas* sanciones disciplinarias. *In re Negrón Negrón,* 146 D.P.R. 928 (1998); *In re Pérez Rodríguez,* 115 D.P.R. 810 (1984).

■ En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, *constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente.* Véase *In re Vargas Soto,* 146 D.P.R. 55 (1998).

## II

En atención a todo lo antes expuesto, no hay duda que el abogado Vilanova Alfonso debe ser suspendido de forma temporera del ejercicio de la abogacía en nuestra jurisdicción, hasta que otra cosa disponga este Tribunal.

*Le imponemos al licenciado Vilanova Alfonso el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportuna-*

*mente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.*

*Se dictará Sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Hernández Denton no intervinieron.