*In re* FELIPE TORRES TORREGROSA.

*Números:* AB-2002-304        *Resueltos:* 13 de enero de 2004
AB-2003-212

*Roberto Sánchez Ramos*, procurador general; *Felipe Torres Torregrosa*, abogado querellado; *Ramonita Escalera Rivera* y *Tomás Bigio*, querellantes.

PER CURIAM:

I

El 13 de mayo de 1980 Felipe Torres Torregrosa fue admitido al ejercicio de la profesión de abogado.

El 31 de octubre de 2002 el Colegio de Abogados de Puerto Rico (Colegio de Abogados) nos informó que Torres Torregrosa tenía pendiente allí una queja en su contra y que no había contestado ninguno de *los tres requerimientos* que le había hecho el Colegio de Abogados sobre el

particular. En vista de lo anterior, el 25 de noviembre de 2002 le concedimos un término a Torres Torregrosa para contestar los requerimientos referidos del Colegio de Abogados y a la vez mostrar causa ante nos por la cual no debía ser disciplinado por no contestar los requerimientos. El Alguacil del Tribunal le notificó personalmente la resolución a Torres Torregrosa y se le apercibió de que su incumplimiento podía aparejar su suspensión del ejercicio profesional.

Entonces Torres Torregrosa compareció ante nos *tardíamente* y nos solicitó una prórroga para atender nuestra Resolución de 25 de noviembre, *la cual le concedimos el 31 de enero de 2003*. Aun así, Torres Torregrosa no cumplió con la Resolución de 25 de noviembre de 2002 durante el nuevo término que le concedimos, y meses más tarde, el 20 de mayo de 2003, compareció ante nos y nos explicó que había estado enfermo, razón por la cual no había podido atender la referida resolución. Nos indicó, sin embargo, que su "crisis" de salud había sido superada y nos solicitó otra prórroga para cumplir con lo ordenado en nuestra Resolución de 25 de noviembre de 2002. El 13 de junio de 2003 le concedimos un término final de treinta días para dar cumplimiento a nuestra resolución.

Han pasado ya varios meses desde que venció la prórroga final que le concedimos a Torres Torregrosa sobre este asunto y no ha comparecido ante nos a dar cumplimiento a lo ordenado en la Resolución de 25 de noviembre de 2002.

## II

Lo relatado en el acápite anterior no es el único asunto que aquí nos concierne. Resulta que Torres Torregrosa también tenía otra queja distinta en su contra, la cual se presentó ante el Procurador General de Puerto Rico. Con relación a esta otra queja, el Procurador General le requi-

rió en tres ocasiones a Torres Torregrosa que la atendiera, sin éxito alguno. Por eso, el 15 de diciembre de 2003 le dimos un término de diez días a Torres Torregrosa para responder a los requerimientos del Procurador General y para que compareciera ante nos a mostrar causa por la cual no debía ser disciplinado por desatender los requerimientos referidos. El Alguacil del Tribunal notificó personalmente nuestra Resolución de 15 de diciembre de 2003 a Torres Torregrosa. Se le apercibió, asimismo, que su incumplimiento con la resolución podría conllevar la suspensión del ejercicio profesional.

Al 9 de enero de 2004, cuando se discutió este asunto en el Pleno del Tribunal, Torres Torregrosa tampoco había cumplido con esta otra resolución nuestra. No había comparecido ante nos ni siquiera para solicitar una prórroga.

## III

Reiteradamente hemos resuelto que los miembros de la profesión de abogado tienen el deber de responder con premura a los requerimientos que les hagan el Colegio de Abogados o el Procurador General de Puerto Rico relacionados a las quejas por conducta profesional. No hacerlo, sin tener motivos fundados, acarrea severas sanciones disciplinarias. *In re Arroyo Rivera*, 148 D.P.R. 354 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998).

Más aún, en innumerables ocasiones también hemos señalado que los abogados tienen la ineludible obligación de responder diligentemente a nuestras propias órdenes. Hemos hecho claro que la indiferencia del abogado al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias. *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (2000); *In re Ron Menéndez*, 149 D.P.R. 105 (1999); *In re López López*, 149 D.P.R. 82 (1999).

En el caso de autos, Torres Torregrosa no sólo ha hecho

caso omiso de los requerimientos del Colegio de Abogados y del Procurador General, sino que, además, ha incumplido con nuestras Resoluciones de 25 de noviembre de 2002 y de 15 de diciembre de 2003. Es evidente que Torres Torregrosa no tiene ninguna disposición de cumplir con nuestras órdenes o con los requerimientos del Colegio de Abogados y del Procurador General.

Por todo lo antes expuesto, *se suspende inmediata e indefinidamente a Felipe Torres Torregrosa del ejercicio de la profesión de abogado hasta que otra cosa disponga este Tribunal. Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos en treinta días del cumplimiento de estos deberes. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial del abogado suspendido, debiendo entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton no intervino.