*In re* REINALDO ARROYO RIVERA, querellado.

*Número:* AB-2003-267        *Resuelto:* 1ro de abril de 2004

*Ángel N. Candelario Cáliz,* oficial examinador del Colegio de Abogados; *Luis F. Santos Salgado,* querellante.

PER CURIAM: El 15 de julio de 1976 Reinaldo Arroyo Rivera fue admitido al ejercicio de la profesión de abogado y el 20 de marzo de 1990 admitido a ejercer como notario.

El 19 de mayo de 1999 Arroyo Rivera fue suspendido por tres meses del ejercicio profesional.

El 8 de mayo de 2003 se presentó una queja juramentada contra Arroyo Rivera ante el Colegio de Abogados de Puerto Rico. Conforme al procedimiento de rigor, el Colegio de Abogados le requirió a Arroyo Rivera que contestará la queja aludida. *Se le hizo tal requerimiento repetidamente* el 5 de junio de 2003, el 15 de julio de 2003, el 19 de agosto de 2003 y el 23 de septiembre de 2003.

En vista de que Arroyo Rivera no contestó ninguno de

los cuatro requerimientos que le había hecho el Colegio de Abogados, éste compareció ante nos el 10 de diciembre de 2003 y solicitó nuestra intervención.

El 15 de enero de 2004, mediante resolución que se le notificó personalmente a través de un alguacil del Tribunal, le ordenamos a Arroyo Rivera que contestara los requerimientos del Colegio de Abogados y que mostrara causa ante nos por la cual no debía ser disciplinado por incumplir con su deber de atender expeditamente los requerimientos referidos. Le apercibimos así mismo de que incumplir con lo ordenado en dicha resolución podría acarrearle su suspensión del ejercicio profesional.

A la fecha de hoy Arroyo Rivera no se ha comunicado con el Colegio de Abogados ni ha comparecido ante nos, todo ello en craso incumplimiento con nuestra Resolución de 15 de enero de 2004.

I

Reiteradamente hemos resuelto que los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal, como a los requerimientos del Colegio de Abogados, con respecto a quejas que éste investiga. La indiferencia de un abogado al no atender nuestras órdenes como los requerimientos del Colegio de Abogados en casos disciplinarios acarrea la imposición de severas sanciones disciplinarias. *In re Torres Torregrosa*, 161 D.P.R. 66 (2004); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (2000); *In re Ron Menéndez*, 149 D.P.R. 105, 107 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 917, 923 (1999).

En el caso ante nos, el Lcdo. Reinaldo Arroyo Rivera ha hecho caso omiso a una orden nuestra al incumplir con nuestra Resolución de 15 de enero de 2004, y al ignorar los cuatro requerimientos del Colegio de Abogados referidos antes. Así mismo se ha mostrado indiferente ante nuestro

apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a Reinaldo Arroyo Rivera el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá reditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *per curiam* y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.