*In re* JORGE V. ZAYAS CABÁN, querellado.

*Número:* AB-2004-034    *Resuelto:* 21 de septiembre de 2004

*Ángel N. Candelario Cáliz*, oficial investigador Colegio de Abogados de Puerto Rico; *Manuel I. Miranda Torres*, querellante.

PER CURIAM: Jorge Zayas Cabán fue admitido al ejercicio de la profesión el 26 de junio de 1987.

En lo que aquí nos concierne, el 6 de mayo de 2003 se presentó una queja en su contra ante el Colegio de Abogados de Puerto Rico. Mediante dicha queja, un cliente suyo le imputaba que Zayas Cabán había transigido una demanda del cliente contra una compañía de seguros sin su conocimiento o consentimiento, y que, además, Zayas Cabán se había quedado con el importe total de la transacción referida, sin pagarle nada al cliente, a pesar de éste haberle requerido el dinero en cuestión en varias ocasiones durante un período de más de dos años.

El 5 de junio de 2003 el Colegio de Abogados le requirió a Zayas Cabán por correo certificado que contestara la queja, sin tener éxito. El 15 de julio de 2003 el Colegio de Abogados le hizo un segundo requerimiento a Zayas Cabán, sin tener éxito de nuevo. El Colegio de Abogados continuó en su empeño por lograr que Zayas Cabán contestara la queja referida mediante requerimientos subsiguientes remitidos por correo certificado el 23 octubre de 2003 y 9 de diciembre de 2003, todos ellos infructuosos.

Así las cosas, el 10 de febrero de 2004 el Colegio de Abogados compareció ante nos y nos expuso la situación referida. El 14 de abril de 2004, mediante la correspondiente resolución, le concedimos un término a Zayas Cabán para que contestase los requerimientos del Colegio de Abogados en el caso de autos. Además, durante el mismo término le ordenamos que compareciera ante nos a exponer las razones, si alguna tuviese, por las cuales no debía ser disciplinado por no responder a los requerimientos del Colegio de Abogados. Le advertimos claramente a Zayas Cabán que su incumplimiento con dicha resolución conllevaría sanciones disciplinarias serias, incluso la suspensión del ejercicio profesional.

Han transcurrido más de cinco meses y Zayas Cabán no ha respondido a la resolución aludida. Vencido desde hace mucho tiempo el término que se le concedió para ello, Zayas Cabán no ha cumplido con lo que se le ordenó.

## I

Reiteradamente hemos resuelto que los abogados tienen el deber ineludible de responder diligentemente a los requerimientos del Colegio de Abogados con respecto a quejas que éste investiga. También tienen la obligación de cumplir fielmente las órdenes de este Tribunal. Desatender los requerimientos del Colegio o las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas. *In re Torres Torregrosa*, 161 D.P.R. 66 (2004); *In re Arroyo Rivera*, 161 D.P.R. 567 (2004); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (1999); *In re Ron Menéndez*, 149 D.P.R. 105 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 917 (1999).

En el caso de autos, Zayas Cabán ha hecho caso omiso de una orden nuestra al incumplir con nuestra Resolución de 14 de abril de 2004. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

## II

Zayas Cabán tiene un largo historial de quejas graves ante este Foro. Por un lado, se le han presentado querellas por falta de pago de las cuotas del Colegio de Abogados en 1992, 1996, 1999, 2002 y 2003. Por otro lado, tiene pendientes *ocho* procedimientos disciplinarios distintos ante el Procurador General de Puerto Rico, incluso uno que ya está sometido ante un Comisionado Especial. Finalmente, está sujeto actualmente a al menos una investigación por el Fiscal General de Puerto Rico por varias posibles violaciones graves al Código Penal de Puerto Rico.

En vista de lo señalado en el acápite II de esta opinión, *procede la suspensión inmediata e indefinida de Zayas Cabán del ejercicio de la abogacía y la notaría. Esta suspensión no afectará la investigación criminal referida antes ni el procedimiento pendiente ante el Comisionado Especial en*

*el Caso CP-2003-9, que deben completarse y concluir con los informes correspondientes a este Foro. Se le impone a Jorge Zayas Cabán el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos y de devolverles cualesquiera honorarios recibidos por trabajos no realizados. Debe, además, informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Por último, deberá certificarnos en treinta días del cumplimiento de estos deberes.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión.