*In re* MARITZA I. QUIÑONES CARDONA.

*Número:* TS-11657          *Resuelto:* 18 de marzo de 2005

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías.

PER CURIAM: Maritza I. Quiñones Cardona fue admitida al ejercicio profesional de la abogacía el 26 de junio de 1996. En lo que aquí nos concierne, el 27 de agosto de 2004 la Directora de la Oficina de Inspección de Notarías (Directora) nos rindió un informe sobre el estado de la notaría de Quiñones Cardona, en el cual nos notificaba de varias violaciones flagrantes de la Ley Notarial y su Reglamento. Nos indicaba la Directora que la notaria referida no había rendido determinados índices notariales, que no había in-

formado de su cambio de dirección y que había trasladado su obra notarial sin autorización, *desconociéndose aún su paradero.*

En vista de lo anterior, el 14 de enero de 2005 emitimos una resolución en la que instruimos a Quiñones Cardona que reaccionara al referido informe de la Directora, y que mostrara causa por la cual no debía ser disciplinada por incumplir con sus deberes notariales. Le apercibimos en dicha resolución, que se le notificó personalmente, que su incumplimiento con lo ordenado conllevaría su suspensión inmediata e indefinida del ejercicio profesional.

El 25 de enero de 2005 la Directora nos informó mediante una moción que Quiñones Cardona continuaba ejerciendo la notaría, sin rendir sus índices notariales. Más aún, que ha vencido desde hace varias semanas el término que le concedimos en la Resolución de 14 de enero de 2005 sin que Quiñones Cardona haya comparecido ante nos.

I

Reiteradamente hemos resuelto que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas. *In re Zayas Cabán,* 162 D.P.R. 839 (2004); *In re Arroyo Rivera,* 161 D.P.R. 567 (2004); *In re Torres Torregrosa,* 161 D.P.R. 66 (2004); *In re Fernández Pacheco,* 152 D.P.R. 531 (2000); *In re Corujo Collazo,* 149 D.P.R. 857 (1999); *In re Ron Menéndez,* 149 D.P.R. 105 (1999); *In re Rivera Rodríguez,* 147 D.P.R. 917 (1999).

En el caso de autos, Quiñones Cardona ha hecho caso omiso de una orden nuestra al incumplir con nuestra Resolución de 14 de enero de 2005. Asimismo, se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias. Evidentemente no le interesa continuar ejerciendo la profesión.

## II

Por los fundamentos expuestos, *procede la suspensión inmediata e indefinida de Maritza Quiñones Cardona del ejercicio de la abogacía y de la notaría. Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá certificarnos en treinta días el cumplimiento de estos deberes. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial de la abogada suspendida, y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.