PER curiam:
I
La Leda. Wanda Ivelisse Marín Lugo fue admitida al ejercicio de la abogacía el 16 de julio de 1998 y el 3 de enero de 2000 prestó juramento como notario.
El 3 de julio de 2008 la Comisión de Ética del Colegio de Abogados compareció ante este Tribunal y nos informó que la licenciada Marín Lugo había desatendido múltiples re- *761 querimientos que le había hecho dicha comisión para que contestara una queja instada en su contra por el Sr. Juan C. Santiago Berrios. Específicamente, la Comisión cursó cinco comunicaciones a la licenciada Marín Lugo informán-dole sobre la referida queja y concediéndole un término para que la contestara, pero dicha letrada nunca respondió. En su comparecencia, la Comisión acompañó co-pia de las misivas cursadas infructuosamente a la licen-ciada Marín Lugo, así como copia del expediente de la queja que las motivó.
Examinada la comparecencia de la Comisión de Etica, el pasado 25 de agosto de 2008 emitimos una resolución me-diante la cual le concedimos a la licenciada Marín Lugo un término de diez días para atender los requerimientos de dicha comisión y le ordenamos que, en ese mismo término, compareciera ante este Tribunal a exponer las razones por las cuales no debía ser disciplinada. Asimismo, apercibi-mos a la licenciada Marín Lugo que el incumplimiento con nuestras órdenes podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.
La referida resolución se le notificó a la licenciada Ma-rín Lugo mediante entrega personal realizada por la Ofi-cina del Aguacil de este Tribunal el 9 de septiembre de 2008. A pesar de lo anterior, dicha abogada aún no ha com-parecido ante nos.
II
Es norma firmemente establecida que todo abogado tiene la ineludible obligación de responder a los requerimientos de este Tribunal, sobre todo cuando se trata de asuntos relacionados a su conducta profesional. Por ello, en reiteradas ocasiones hemos resuelto que no cumplir diligentemente con las órdenes de este Foro y demostrar indiferencia ante nuestros apercibimientos es razón sufi- *762 cíente para suspender a un abogado del ejercicio de la abogacía. In re García Vallés, 172 D.P.R. Ap. (2007); In re Rodríguez Calderón, 172 D.P.R. 309 (2007); In re Rivera Torres, 172 D.P.R. Ap. (2007); In re Laborde Freyre 1, 154 D.P.R. 112 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998).
Esta obligación se extiende a los requerimientos formulados por la Comisión de Etica del Colegio de Abogados. En consecuencia, un abogado que desatiende e incumple con los requerimientos de la referida Comisión de Ética respecto a alguna queja instada en su contra incurre en conducta impropia que acarrea la imposición de serias sanciones disciplinarias por este Tribunal. In re Arroyo Rivera, 161 D.P.R. 567, 568 (2004); In re Guede Mijares, 159 D.P.R. 396, 397 (2003); In re Fernández Pacheco, 152 D.P.R. 531, 533 (2000).
En el caso de autos, la licenciada Marín Lugo hizo caso omiso a nuestra Resolución de 25 de agosto de 2008. No atendió los múltiples requerimientos de la Comisión de Ética del Colegio de Abogados. Evidentemente, la conducta contumaz de la licenciada Marín Lugo demuestra que ésta no está dispuesta a cumplir con nuestras órdenes y adver-tencias, por lo que ha ignorado sus obligaciones como miembro de la profesión. Procede, por lo tanto, que la sus-pendamos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.
III
Por todo lo antes expuesto, se suspende inmediata e in-definidamente a la Leda. Wanda Ivelisse Marín Lugo del ejercicio de la profesión.
Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión *763 a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumpli-miento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente opinión per curiam y sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau-tarse de la obra y del sello notarial de la abogada suspen-dida, y entregarlos a la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará sentencia de conformidad.