EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Luis M. Polanco Ortiz | 2010 TSPR 207<br><br>179 DPR _____ |

Número del Caso: AB-2009-237
                 TS-9107


Fecha: 20 de agosto de 2010


Oficina del Procurador General:

        Lcda. Maranyelí Colón Requejo
        Procuradora General Auxiliar

        Lcda. Zaira Girón Anadón
        Subprocuradora General


Materia: Conducta Profesional
(La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Luis M. Polanco Ortiz

AB-2009-237
TS-9107

*PER CURIAM*

En San Juan, Puerto Rico, a 20 de agosto de 2010.

El 28 de enero de 2009 el Sr. John Hernández Vargas presentó una queja ante la Oficina de la Procuradora General en la que expresó que había contratado los servicios profesionales del Lcdo. Luis M. Polanco Ortiz para que lo representara en un recurso de apelación en un caso criminal. Adujo que el abogado nunca presentó el recurso, a pesar de haber cobrado por ello. También alega que en el tiempo que duró la relación abogado-cliente, la única llamada que le hizo su abogado fue para encargarle la compra de un perrito para su hija, con la promesa de abonarle el precio de

esa compra a los $500.00 que éste le adeudaba.[1] Según informa, no fue hasta que un alguacil le requirió que compareciera al Tribunal para responder por desacato que tuvo la oportunidad de revisar su expediente y se enteró que el abogado nunca radicó el recurso de apelación, nunca le notificó de las vistas pautadas en el caso y que su incomparecencia fue la razón por la cual se le encontró incurso en desacato. Alega el Sr. Hernández Vargas que tuvo que pagar las multas y comparecer por derecho propio mediante moción al tribunal apelativo solicitando que no se desestimara su causa.

El 24 de septiembre de 2009 la Procuradora General nos informó que el licenciado Polanco nunca había contestado la queja, a pesar de que se le notificó de ésta en dos ocasiones. El 6 de noviembre de 2009, notificada el 13 de noviembre de 2009, concedimos al letrado un plazo de diez días para justificar su incumplimiento con los requerimientos de la Procuradora, so pena de severas sanciones, incluyendo la suspensión del ejercicio de la profesión.

El 8 de junio de 2010 la Procuradora General informó que el licenciado Polanco Ortiz no había cumplido nuestra orden. En vista de ello, en resolución del 28 de junio de 2010, notificada el 7 de julio de 2010, concedimos al Lcdo. Luis M. Polanco Ortiz un término de veinte días para

---

[1] El quejoso se identifica como Ayudante de Veterinaria y tiene un negocio de venta de perros de raza.

expresarse en cuanto a lo expuesto por dicha funcionaria. El licenciado Polanco Ortiz no ha comparecido según ordenado.

En otro incidente, el 5 de febrero de 2010, el Colegio de Abogados de Puerto Rico informó que el abogado de epígrafe tiene al descubierto el pago de la fianza notarial la cual venció en marzo de 2009. En vista de ello, el 8 de marzo de 2010 ordenamos al abogado mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría y le advertimos que su incumplimiento con dicho requerimiento conllevaría no sólo la suspensión de la notaría sino posibles sanciones adicionales. El licenciado Polanco Ortiz tampoco ha cumplido con este requerimiento.

I.

Hemos resuelto en reiteradas ocasiones que todos los abogados y abogadas tienen que responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional. Hacer lo contrario puede conllevar severas sanciones disciplinarias. Véase, In re: Vilanova Alfonso, 159 D.P.R. 167 (2003); In re: Arroyo Rivera, 148 D.P.R. 354 (1999). Este Tribunal ha destacado, además , la importancia de la función investigativa que realiza la Oficina del Procurador General con relación a las quejas sobre posibles violaciones éticas. In re: Albizu, 136 D.P.R. 126 (1994).

De igual forma, hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio

agravio a la autoridad de los tribunales e infringe el Canon IX. In Re: Maldonado Rivera, 147 D.P.R. 380 (1999). Igualmente hemos resaltado que los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re: Grau Díaz, res. el 29 de marzo de 2006, 167 D.P.R. ___; In re: Zayas Cabán, res. el 21 de septiembre de 2004, 162 D.P.R. 839 (2004); In re: Arroyo Rivera, 161 D.P.R. 567 (2004); In re: Torres Torregrosa, 161 D.P.R. 66 (2004); In re: Fernández Pacheco, 152 D.P.R. 531 (2000); In re: Corujo Collazo, 149 D.P.R. 857 (1999); In re: Ron Meléndez, 149 D.P.R. 105 (1999); In re: Rivera Rodríguez, 147 D.P.R. 917 (1999).

En Colegio de Abogados de Puerto Rico v. Pizzini Arnott, 157 D.P.R. 182 (2002), indicamos que el "[desatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Se trata de un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar. Véanse, In re: Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re: Nicot Santana, 129 D.P.R. 717, 718 (1992).

II.

El abogado de epígrafe ha incumplido con las normas expuestas. Por ello, se suspende indefinidamente al abogado Luis M. Polanco Ortiz del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Luis M. Polanco Ortiz

AB-2009-237
TS-9107

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de agosto de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente al abogado Luis M. Polanco Ortiz del ejercicio de la abogacía y la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo