EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2013 TSPR 30 |
| Juan C. Guzmán Rodríguez | 187 DPR ____ |

Número del Caso: TS-9380

Fecha: 14 de febrero de 2013

Programa de Educación Jurídica Continua

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo. (Suspensión advino final y firme el 11 de marzo de 2013)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*


Juan C. Guzmán Rodríguez

TS-9380


*PER CURIAM*


En San Juan, Puerto Rico, a 14 de febrero de 2013.

En octubre de 2012, la Junta de Educación Jurídica Continua presentó un informe ante este Tribunal en el que nos refirió el caso de incumplimiento del licenciado Juan Carlos Guzmán Rodríguez. Se indicó que no cumplió con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua durante el periodo de enero de 2007 a diciembre de 2008; no tomó los cursos requeridos cuando se le envió un aviso y se le proveyó un periodo adicional para cumplir en el 2009, y no pagó la cuota para cumplimiento tardío. Además, no justificó su incumplimiento cuando compareció por escrito ante

el Programa de Educación Jurídica Continua luego de que se le citara para una vista informal en noviembre de 2010.

El licenciado Guzmán Rodríguez no contestó las llamadas, las cartas ni los correos electrónicos del Programa en numerosas ocasiones. En estas comunicaciones, se le orientaba sobre cómo presentar una solicitud de acreditación para cumplir con los requisitos de educación continua, ya que indicó que estaba trabajando en el estado de Florida y había tomado algunos cursos en línea, pero no había provisto los documentos necesarios para que se le convalidaran. Asimismo, el abogado ignoró una carta que el oficial examinador de la vista le envió en abril de 2012 informándole que interesaba brindarle una oportunidad adicional para que cumpliera antes de referir su caso a este Tribunal.[1]

Mediante Resolución de 9 de noviembre de 2012, este Tribunal le concedió un término de 20 días al licenciado Guzmán Rodríguez para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía debido a su incumplimiento con los requisitos de educación jurídica continua y a su indiferencia ante los requerimientos del Programa. Al día de hoy, no ha comparecido.

---

[1] El informe de la Junta señala que el licenciado tampoco ha tomado curso alguno para cumplir con los créditos exigidos para los periodos de enero de 2009 a diciembre de 2010 y de enero de 2011 a diciembre de 2012.

I

Los miembros de la profesión legal están obligados a "mantener un alto grado de excelencia y competencia … a través del estudio y la participación en programas educativos de mejoramiento profesional".[2] Con ese fin, este Tribunal adoptó el Reglamento de Educación Jurídica Continua.[3] Éste requiere que los abogados y notarios admitidos a la práctica, que no estén debidamente exentos, aprueben 24 horas crédito en cursos acreditables cada dos años y dispone los procedimientos para certificar el cumplimiento, cumplir tardíamente o de forma alternativa y revisar las determinaciones del Programa de Educación Jurídica Continua.[4] Es importante que quienes ejercen la abogacía cumplan con lo dispuesto en ese Reglamento y mantengan una comunicación efectiva con el Programa.[5]

II

En innumerables ocasiones, le hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este

---

[2] Canon 2, Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 2.

[3] In re Regl. Educ. Jur. Cont., 146 D.P.R. 494 (1998); Reglamento del Programa de Educación Jurídica Continua 2005, 4 L.P.R.A. Ap. XVII-E (Sup. 2012).

[4] Reglamento, *supra*, R. 4-5, 10-15, 24-37.

[5] *Véase* In re Grau Collazo, 2012 T.S.P.R. 108.

Tribunal relacionados con su práctica profesional.[6] No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, que dicta que: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[7]

La dejadez es incompatible con el ejercicio de la abogacía.[8] Por eso, cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.[9]

---

[6] *Véanse, por ejemplo: In re* Torres Trinidad, 2012 T.S.P.R. 23; *In re* Rodríguez Salas, 181 D.P.R. 579 (2011); *In re* Martínez Sotomayor I, 181 D.P.R. 1 (2011); *In re* Rodríguez Rodríguez, 180 D.P.R. 841 (2011); *In re* Fiel Martínez, 180 D.P.R. 426 (2010); *In re* Otero Encarnación, 179 D.P.R. 827 (2010); *In re* Polanco Ortiz, 179 D.P.R. 771 (2010); *In re* Grau Díaz, 167 D.P.R. 397 (2006); *In re* Quiñones Cardona, 164 D.P.R. 217 (2005); *In re* Zayas Cabán, 162 D.P.R. 839 (2004); *In re* Arroyo Rivera, 161 D.P.R. 567 (2004); *In re* Torres Torregrosa, 161 D.P.R. 66 (2004); *In re* Fernández Pacheco, 152 D.P.R. 531 (2000); *In re* Corujo Collazo, 149 D.P.R. 857 (1999); *In re* Ron Menéndez, 149 D.P.R. 105 (1999); *In re* Ribas Dominicci, 131 D.P.R. 491 (1992).

[7] Canon 9, Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 9. *Véanse: In re* Rosado Cruz, 176 D.P.R. 1012 (2009); *In re* Salichs Martínez, 131 D.P.R. 481 (1992).

[8] *In re* Colón Rivera, 170 D.P.R. 440 (2007); *In re* González Barreto, 169 D.P.R. 772 (2006).

[9] *In re* Montes Díaz, 2012 T.S.P.R. 20; *In re* Feliciano Jiménez, 176 D.P.R. 234 (2009); *In re* Osorio Díaz, 146 D.P.R. 39 (1998); *In re* Reyes Rovira, 139 D.P.R. 42 (1995).

III

El abogado de epígrafe ha actuado de forma censurable al no ser responsivo a los requerimientos que le han hecho este Tribunal y el Programa de Educación Jurídica Continua.

Por esto, se suspende indefinidamente al licenciado Guzmán Rodríguez del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Juan C. Guzmán Rodríguez

                         TS-9380

*SENTENCIA*

En San Juan, Puerto Rico, a 14 de febrero de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende indefinidamente al licenciado Guzmán Rodríguez del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo