PER CURIAM:
I
La licenciada Rosaura Rivera Trani fue admitida al ejercicio de la abogacía el 25 de enero de 2000 y a la notaría el 16 de junio de 2000.
El 12 de diciembre de 2012, la Directora del Programa de Educación Jurídica Continua (Directora del PEJC) nos informó que la licenciada Rivera Trani había incumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de febrero de 2007 al 31 de enero de 2009.(1) El PEJC refirió el asunto ante este Tribunal debido a “la actitud pasiva” demostrada por la licenciada frente a los requisitos de educación jurídica con *456 tinua, no obstante haberle concedido tiempo suficiente para completarlos y la oportunidad de ser oída. La Directora del PEJC indicó que al momento de enviarle a la licenciada las notificaciones de incumplimiento y citación a vista informal, descansó en la información personal de ésta que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).(2)
Según surge del Informe sobre Cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a Vista Informal) y de los documentos presentados por la Directora, el 25 de febrero de 2009, el PEJC envió por correo a la licenciada Rivera Trani un Aviso de Incumplimiento en el que le notificó su incumplimiento con los requisitos de educación jurídica continua; le impuso el pago de una cuota de cincuenta (50) dólares; le concedió un término de sesenta (60) días para completar los cursos exigidos o acreditar su cumplimiento, y le apercibió de que si no acreditaba el cumplimiento con los cursos y el pago de la cuota, sería citada a una vista informal.(3)
Transcurridos casi dos años desde que expiró el periodo de cumplimiento, la licenciada Rivera Trani no presentó evidencia de haber completado los cursos de educación jurídica continua y tampoco pagó la cuota. Como consecuencia, el 18 de noviembre de 2010, el PEJC envió por correo una citación a una vista informal en la que apercibió a la abogada de que, si no comparecía a expresar las razones para su incumplimiento, el asunto sería referido al Tribunal Supremo.(4) La citación fue devuelta al remitente luego *457 de que el servicio postal intentara diligenciar infructuosamente la carta.(5) Por ello, el 30 de noviembre de 2010, el PEJC renvió la citación para la vista informal a través del correo electrónico de la abogada registrado en el RUA.(6) En dicho comunicado se le advirtió, además, la importancia de actualizar su información en la base de datos de este Tribunal. La licenciada Rivera Trani no compareció a la vista informal.
Posteriormente, el PEJC envió por correo electrónico a la licenciada Rivera Trani otro aviso de incumplimiento, pero esta vez por el periodo comprendido entre 1 de febrero de 2009 y el 31 de enero de 2011. En el comunicado se orientó a la letrada de su deber de mantener actualizada su información personal en el RUA. Es pertinente mencionar que en dos ocasiones anteriores, la PEJC intentó notificar este nuevo aviso de incumplimiento por correo; sin embargo, el servicio de correo postal devolvió las cartas sin que fueran reclamadas en la dirección destinada.(7) Sobre este asunto, no se llegó a citar a la letrada para vista informal.
Por lo anterior, el 26 de diciembre de 2012 le concedimos a la licenciada Rivera Trani un término de veinte (20) días para que mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Enviamos a la licenciada Rivera Trani nuestra Resolución por correo certificado a la dirección postal que aparece regis *458 trada como suya en el RUA. El servicio de correo postal devolvió la carta.(8)
El 6 de febrero de 2013 recibimos el Informe de Seguimiento de la Oficina del Alguacil de este Tribunal. En el mismo se nos informa sobre las gestiones infructuosas que se llevaron a cabo para diligenciar personalmente nuestra Resolución. Surge que el 31 de enero de 2013, dos alguaciles acudieron a la dirección residencial de la abogada.(9) En la residencia no encontraron a nadie. Una vecina del lugar les informó que allí ya no vivía la letrada porque se había mudado a Estados Unidos. Por otro lado, los alguaciles llamaron a los números telefónicos de la licenciada que aparecen en su expediente personal en este Tribunal. El número que aparece como teléfono residencial estaba fuera de servicio. El número de teléfono que aparece del lugar de trabajo pertenece a la Junta de Calidad Ambiental en Ponce. Allí les informaron que la licenciada había dejado de trabajar allí hacía varios años.
Al presente, la licenciada Rivera Trani aparece activa en el RUA como abogada-notaria. La dirección postal disponible es aquella desde donde el servicio de correo ha devuelto la correspondencia enviada por este Tribunal y por el PEJC. Además, la licenciada no ha respondido a los avisos y a las citaciones que el PEJC le ha remitido al correo electrónico que aparece registrado.
II
El Canon 2 del Código de Ética Profesional dis-pone que los abogados tienen el deber de “mantener un alto grado de excelencia y competencia en su profesión a través *459 del estudio y la participación en programas educativos de mejoramiento profesional” con el “fin de viabilizar el objetivo de representación legal adecuada para toda persona”.(10) Cónsono con lo anterior, este Tribunal adoptó el Reglamento de Educación Jurídica Continua de 1998 (Reglamento de 1998) con el propósito de establecer un programa de educación jurídica obligatoria que aliente y contribuya al mejoramiento profesional.(11) El mismo requiere que los abogados activos aprueben, por lo menos, veinticuatro (24) horas crédito en cursos acreditables cada dos (2) años.(12)
Los abogados y las abogadas tienen el deber de presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento con el mínimo de horas crédito a más tardar a los treinta (30) días subsiguientes de finalizado cada periodo de cumplimiento.(13) En el caso de que el abogado o la abogada cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un informe en el cual explique las razones que justifiquen su tardanza y, además, pagar una cuota.(14) Ahora bien, si el abogado incumpliera con sus obligaciones, el Director de la Junta le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.(15) Si el abogado o la abogada no compareciera, el asunto se remitirá a este Tribunal.(16) Anteriormente, este Tribunal ha disciplinado profesionalmente a los abo *460 gados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.(17)
Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo impone a los abogados la obligación de mantener actualizados en el RUA sus datos personales, la dirección física y postal, tanto de su oficina como de su residencia, y el correo electrónico, entre otros.(18) Es deber de los abogados y notarios avisar oportunamente a este Tribunal cualquier cambio en su dirección postal o física.(19) El abogado deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal.(20) Cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.(21) Ese incumplimiento es suficiente para decretar su separación indefinida de la profesión.(22)
Por último, en reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.(23) *461 Ello se tiene que hacer prontamente, independientemente de los méritos de las quejas presentadas en su contra.(24) No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Etica Profesional que establece: “El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”.(25)
Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.(26) La dejadez es incompatible con el ejercicio de la abogacía.(27) Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.(28)
III
Los esfuerzos realizados por el PEJC y este Tribunal para contactar a la licenciada Rivera Trani desde el 2009 han resultado infructuosos porque su información personal disponible en el RUA no está actualizada. La falta de la abogada de mantener su información personal actualizada en el RUA ha obstaculizado nuestra facultad disciplinaria. Esto constituye una violación a nuestras órdenes y a la Regla 9(j) del Reglamento de este Tribunal. Como vimos, incumplir con dicho requerimiento es suficiente para sus *462 pender indefinidamente a la abogada del ejercicio de la abogacía y la notaría.
La letrada también ha incumplido con los requisitos de educación jurídica continua para los periodos comprendidos desde el 1 de febrero de 2007 hasta el 31 de enero de 2009, y desde el 1 de febrero de 2009 hasta el 31 de enero de 2011.(29) Al momento, la licenciada Rivera Trani no ha acreditado el cumplimiento con las veinticuatro horas crédito para cada uno de los periodos notificados, aun habiéndole concedido amplia oportunidad para hacerlo.
Lo anterior nos lleva a decretar la suspensión inmediata e indefinida de la licenciada Rosaura Rivera Trani del ejercicio de la abogacía y de la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión per curiam y Sentencia.
El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Rosaura Rivera Trani y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

 Reglamento de Educación Jurídica Continua de 1998 (4 LPRAAp. XVII-D).

 El Registro Único de Abogados y Abogadas de Puerto Rico (RUA) es la base de datos que contiene la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Véase In re Toro Soto, 181 DPR 654 (2011). Mediante Resolución de 3 de junio de 2010 ordenamos a todo abogado y abogada que, en un término de treinta días, revisaran y actualizaran sus direcciones registradas en el RUA. Véase In re Rs. Proc. Civil y R.T. Supremo, 179 DPR 174 (2010).

 El Aviso de Incumplimiento fue enviado por correo a la siguiente dirección: Urb. Villa Del Carmen, 2897 Calle Toledo, Ponce, PR 00716-2239.

 La Citación a Vista a celebrarse el 10 de diciembre de 2010 fue enviada por correo a la dirección postal de la licenciada Rivera Trani que surge del RUA, a saber: P.O. Box 742, Peñuelas, PR 00624.

 El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

 El correo electrónico de la licenciada Rivera Trani disponible en el RUA es rosaurarivera@yahoo.com.

 El 12 de abril de 2011 se le envió a la licenciada Rivera Trani un Aviso de Incumplimiento a la dirección postal registrada en el RUA, a saber: PO Box 742, Peñuelas, PR 00624. El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.
El 19 de mayo de 2011 se le envió un segundo aviso a la Avenida Muñoz Rivera, en Ponce, dirección residencial registrada en el RUA. El sello del servicio postal ponchado en el sobre devuelto indica: MOVED, LEFT NO ADDRESS.

 El 4 de enero de 2013 se le envió a la licenciada Rivera Trani una copia de la Resolución que emitiéramos el 26 de diciembre de 2012 a la dirección postal registrada en el RUA, a saber: PO Box 742, Peñuelas, PR 00624. El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

 Los alguaciles fueron a la Urbanización Alta Vista, en Ponce, lugar que aparece como la dirección residencial de la abogada en su expediente personal en este Tribunal.

 4 LPRA Ap. IX.

 Regla 1 del Reglamento de Educación Jurídica Continua de 1998 (4 LPRA Ap. XVII-D).

 Regla 6 del Reglamento de Educación Jurídica Continua de 1998 (4 LPRA Ap. XVII-D). Véase, además, Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento de 2005), 4 LPRA Ap. XVII-E; In re Piñeiro Vega, 188 DPR 77 (2013).

 Regla 28 del Reglamento de 2005, supra. Véase In re Grau Collazo, 185 DPR 938 (2012).

 Regla 30 del Reglamento de 2005, supra.

 Regla 31 del Reglamento de 2005, supra.

 Regla 32 del Reglamento de 2005, supra. Véase, además, Regla 9 del Reglamento de 1998, supra.

 In re Grau Collazo, supra; In re Ramírez Ferrer, 183 DPR 382 (2011); Galarza Rodríguez, Ex parte, 183 DPR 228 (2011).

 4 LPRA Ap. XXI-B.

 In re Toro Soto, supra.

 Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Véanse, además: Reglas 65.3 y 67.2 de Procedimiento Civil, 32 LPRA Ap. V, que proveen para que las notificaciones sobre órdenes, resoluciones y sentencias sean notificadas a los abogados y a las abogadas a la dirección que conste en el Registro del Tribunal Supremo.

 In re Toro Soto, supra; In re Sanabria Ortiz, 156 DPR 345 (2002).

 In re Toro Soto, supra; In re Soto Colón, 155 DPR 623 (2001); In re Berríos Pagán, 126 DPR 458 (1990).

 Véanse, por ejemplo: In re Mendoza Ramírez, 188 DPR 244 (2013); In re Colón Olivo, 187 DPR 659 (2013); In re Buono Colón, 187 DPR 379 (2012); In re Torres Trinidad, 183 DPR 371 (2011); In re Rodríguez Salas, 181 DPR 579 (2011); In re Martínez Sotomayor I, 181 DPR 1 (2011); In re Rodríguez Rodríguez, 180 DPR 841 (2011); In re Fiel Martínez, 180 DPR 426 (2010); In re Polanco Ortiz, 179 DPR 771 (2010); In re Grau Díaz, 167 DPR 397 (2006); In re Quiñones Cardona, 164 DPR 217 (2005); In re Zayas Cabán, 162 DPR 839 (2004); In re Arroyo Rivera, 161 DPR 567 (2004); In re Torres Torregrosa, 161 DPR 66 (2004); In re Fernández Pacheco, 152 DPR 531 (2000).

 In re García Ortiz, 187 DPR 507 (2013); In re Otero Encarnación, 179 DPR 827 (2010).

 Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse: In re Rosado Cruz, 176 DPR 1012 (2009); In re Salichs Martínez, 131 DPR 481 (1992).

 In re Montes Díaz, 184 DPR 90 (2011); In re Otero Encarnación, supra.

 In re Colón Rivera, 170 DPR 440 (2007); In re González Barreto, 169 DPR 772 (2006).

 In re Montes Díaz, supra; In re Feliciano Jiménez, 176 DPR 234 (2009); In re Osorio Díaz, 146 DPR 39 (1998); In re Reyes, Rovira, 139 DPR 42 (1995).

 De los documentos que presentó la Directora del PEJC surge que la licenciada Rivera Trani tampoco ha acreditado haber cumplido con los requisitos de educación jurídica continua para el periodo del 1 febrero de 2011 al 31 de enero de 2013.