per curiam:
El 28 de septiembre de 2006, el señor Armando Maldonado Lebrón presentó una queja sobre con-ducta profesional en contra del licenciado Juan Gerardo Colón Rivera por su labor como notario al autorizar una escritura de compraventa. El señor Maldonado Lebrón se-ñaló que no obtuvo copia de la escritura de compraventa ni de otros documentos relacionados debido a que no logró comunicarse con el licenciado por un periodo de dos meses. Adujo que los documentos que solicitó son necesarios, entre otras razones, para lograr el cambio de título del inmueble y para fines de exenciones contributivas.
Sin embargo, en el 2007, el licenciado Colón Rivera fue suspendido indefinidamente del ejercicio de la profesión por su renuencia a cumplir con las órdenes de este Tribunal relacionadas a otras dos quejas por conducta profesional que pesaban en su contra.(1) Por esa razón, la queja del presente caso fue archivada administrativamente. Con el propósito de solicitar su reinstalación, el licenciado compareció en el 2010 y presentó su contestación a varias quejas pendientes, incluyendo la que nos ocupa. En aquel mo- *193 mentó, el licenciado alegó que había entregado la copia de la escritura de compraventa al quejoso cuando se perfec-cionó la misma y que los demás documentos estaban en posesión exclusiva del banco.
En el 2011 reinstalamos al licenciado Colón Rivera y reactivamos la queja presentada por el señor Maldonado Lebrón, concediéndole al licenciado un término de veinte días para que la contestara. Tiempo después, el 28 de noviembre de 2011, le concedimos un término final e improrrogable de diez días para que cumpliera con la Resolución anterior.(2)
Al no comparecer dentro dicho término final, referimos la queja a la Oficina del Procurador General para que preparara un informe sobre las quejas pendientes en contra del licenciado.(3) En su informe, el Procurador General con-cluyó que en este caso el abogado pudo haber violado el Canon 19 del Código de Ética Profesional al no mantener comunicación con su cliente, el señor Armando Maldonado Lebrón.(4)
El 17 de julio de 2012, le concedimos un término al li-cenciado Colón Rivera para que se expresara sobre el In-forme del Procurador General y le advertimos que de no hacerlo se entendería que se allanaba a las recomendacio-nes allí expuestas. El 25 de enero de 2013 amonestamos al licenciado por no expresarse en torno al Informe y le orde-namos que proveyera los documentos solicitados por el se-ñor Maldonado Lebrón. Por último, el 26 de abril de 2013, le concedimos un término final de veinte días para que cumpliera con la orden previa y le apercibimos que de in-cumplir podría estar sujeto a sanciones disciplinarias e, *194 incluso, la separación del ejercicio de la profesión. Según consta en el expediente, la Oficina de Alguaciles del Tribunal notificó personalmente al licenciado dicha Resolución el 23 de mayo de 2013. Al día de hoy, el abogado aún no ha comparecido para expresarse sobre estos requerimientos ni para dar explicación alguna.
I
 En numerosas ocasiones hemos recalcado el deber que tienen los miembros de la clase togada de responder con premura a los requerimientos de este Tribunal relacionados a quejas por conducta profesional.(5) Esa obligación es esencial a la actitud de respeto que todo abogado y toda abogada debe tener hacia los tribunales, y su incumpli-miento puede conllevar la imposición de sanciones discipli-narias, incluyendo la suspensión del ejercicio de la profesión.(6) A ese fin, el Canon 9 del Código de Ética Pro-fesional dispone, en lo pertinente, que
[e]l abogado debe observar para con los tribunales una con-ducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o aten-tados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques -o atentados, el abogado debe interve-nir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.(7)
A tenor con ello, hemos señalado que el Canon 9 se infringe cuando se desatiende una orden judicial, pues *195 ello constituye un agravio a la autoridad de los tribunales.(8) Además, hemos reiterado que “[d]esatender nuestras órdenes en el curso de un procedimiento discipli-nari[o r]evela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal”.(9) Por todo ello, los abogados y las abogadas tienen el deber ineludible de cumplir diligentemente con las órdenes de este Tribunal.
II
El licenciado Colón Rivera, si bien contestó la queja del presente caso al solicitar su reinstalación en el 2010, no ha comparecido para expresarse en cuanto a nuestros reque-rimientos desde que la misma fue reactivada en el 2011. Tampoco ha comparecido para expresarse sobre el Informe de la Oficina del Procurador General o para darnos alguna explicación de su incomparecencia. El licenciado ha ac-tuado de forma censurable al no responder a los requeri-mientos y las órdenes de este Tribunal, a pesar de habér-sele apercibido de las graves consecuencias de su incumpli-miento.
Por todo lo anterior, se suspende indefinidamente al Ledo. Juan Gerardo Colón Rivera del ejercicio de la aboga-cía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándo-los, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Se ordena la incautación de su obra y sello notarial. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la no-tificación de esta opinión y sentencia.

*196
Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Sentencia de 6 de marzo de 2007 en los casos AB-2005-024 y AB-2006-295.

 La Resolución de 28 de noviembre de 2011 se refiere a cuatro quejas diferentes pendientes en contra del licenciado Colón Rivera.

 El 18 de abril de 2012, le ordenamos a la Oficina del Procurador General de Puerto Rico que presentara un informe y su recomendación sobre las quejas pendientes en contra del licenciado Colón Rivera: AB-2004 — 260, AB-2006-279 y AB-2006-342.

 4 LPRA Ap. IX.

 In re López González, 189 DPR 581 (2013); In re Rivera Rosado, 180 DPR 698 (2011).

 Véanse, por ejemplo: In re Rodríguez Salas, 181 DPR 579 (2011); In re Martínez Sotomayor I, 181 DPR 1 (2011); In re Rodríguez Rodríguez, 180 DPR 841 (2011); In re Polanco Ortiz, 179 DPR 771 (2010); In re Grau Díaz, 167 DPR 397 (2006); In re Quiñones Cardona, 164 DPR 217 (2005); In re Zayas Cabán, 162 DPR 839 (2004); In re Arroyo Rivera, 161 DPR 567 (2004); In re Torres Torregrosa, 161 DPR 66 (2004); In re Vilanova Alfonso, 159 DPR 167 (2003).

 (Énfasis suplido). 4 LPRA Ap. IX.

 In re Fidalgo Córdova, 183 DPR 217 (2011); In re Maldonado Rivera, 147 DPR 380 (1999).

 In re Escalona Colón, 149 DPR 900, 901 (1999).