EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2011 TSPR 164    |
|                             | 183 DPR ____     |
| Luis C. Fidalgo Córdova     |                  |

Número del Caso:   AB-2009-298
                   AB-2010-209
                   AB-2010-312

Fecha: 13 de octubre de 2011

Materia: Conducta Profesional- La suspensión será efectiva el 3 de noviembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

LUIS C. FIDALGO CÓRDOVA

**Núm.:** AB-2009-298
AB-2010-209
AB-2010-312

*PER CURIAM*

San Juan, Puerto Rico, a 13 de octubre de 2011.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

I

El licenciado Luis C. Fidalgo Córdova (licenciado Fidalgo Córdova), fue admitido al ejercicio de la abogacía el 6 de agosto de 2002. Se han presentado varias Quejas

en contra de éste, las que procedemos a consolidar y resumir a continuación.

**Queja Núm. AB-2009-298** del 2 de diciembre de 2009 instada por el señor Onofre Jusino. En dicha Queja el quejoso alegó que conjuntamente con su hermano, Ricardo David Jusino Rosario, contrataron los servicios del licenciado Fidalgo Córdova para que lo representara en una reclamación judicial instada para el mes de febrero de 2008 contra el Hospital Auxilio Mutuo, su compañía de seguros y otros (Caso Civil Núm. KDP08-0254). Que desde entonces y hasta el presente ha estado solicitando al licenciado Fidalgo Córdova a través de llamadas telefónicas, cartas y correos electrónicos que le informe sobre el status del caso y éste ha hecho caso omiso a sus reclamos. A finales del mes de mayo de 2008, en una de las muchas veces que llamó al licenciado Fidalgo Córdova lo consiguió y éste le explicó que el caso estaba muy bien, que no se preocupara. El 5 de junio de 2008 acudió a la Secretaría del Tribunal y al examinar el expediente del caso se percató que, entre otras cosas, el tribunal lo había sancionado por no comparecer a una vista señalada para el 7 de mayo de 2008, cuyo señalamiento desconocía. Se personó inmediatamente a la oficina del licenciado Fidalgo Córdova donde le señaló verbalmente y por escrito lo que había encontrado en su expediente en el tribunal. El 4 de marzo de 2009 visitó sin cita la oficina del licenciado Fidalgo Córdova y el Lcdo. Iván Sánchez

Limardo, y este último le informó que ya el licenciado Fidalgo Córdova no compartía oficina con él desde octubre de 2008. Por lo tanto, indica el quejoso que el licenciado Fidalgo Córdova no le había notificado el cambio de dirección, y desconocía si lo había notificado al tribunal de instancia o a este Tribunal. Debido a la falta de comunicación con el licenciado Fidalgo Córdova, el 18 de octubre de 2009 recibió una notificación del tribunal de instancia en la que se desestimaba la demanda que había radicado por incumplimiento de una orden previa del tribunal, la cual desconocía.

El quejoso alegó, además, que el 26 de octubre de 2009 envió al licenciado Fidalgo Córdova una comunicación en la que solicitaba su renuncia al caso y la devolución de $2,500 que le pagó para la contratación de la Dra. Claudia Lorenzo como perito médico y $2,500 que le pagó como depósito a los honorarios. Al 2 de diciembre de 2009, el licenciado Fidalgo Córdova no había renunciado ni devuelto el dinero pagado. También informó que el licenciado Fidalgo Córdova entregó el expediente incompleto, pues falta parte de la prueba documental.

Presentada la Queja el 2 de diciembre de 2009, le ordenamos al licenciado Fidalgo Córdova que emitiera su contestación en varias ocasiones, a saber: 23 de diciembre de 2009 y 4 de febrero de 2010. Dicha correspondencia fue devuelta a este Foro. Reiteramos nuestro requerimiento el 17 de marzo y 12 de mayo de 2010, y apercibimos al

licenciado Fidalgo Córdova que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. La resolución del 12 de mayo de 2010 se notificó personalmente el 16 de junio de 2010.

No obstante, el licenciado Fidalgo Córdova no ha comparecido.

Las direcciones a las que se le remitieron los documentos relativos a esta Queja fueron: (1) PO Box 192897, San Juan, PR 00919-2897 (23 de diciembre de 2009 y 4 de febrero de 2010, ambas devueltas por el correo "Unclaimed"); y (2) PO Box 192377, San Juan, PR 00919-2377 (17 de marzo y 12 de mayo de 2010, la última devuelta por el correo "Box Closed No Order").

**Queja Núm. AB-2010-209** del 13 de agosto de 2010 presentada por la señora Carmen G. Sierra Cabezudo. En dicha Queja la quejosa alegó que contrató los servicios profesionales del licenciado Fidalgo Córdova, por lo que procedió a pagarle la cantidad de $2,500. Que el licenciado Fidalgo Córdova nunca cumplió con lo estipulado en el contrato y no quiere devolverle el dinero ni los documentos. No se ha comunicado con la quejosa ni atiende sus llamadas telefónicas. Además, el licenciado Fidalgo Córdova se mudó de la oficina y la quejosa no tiene forma de saber sobre su paradero.

Le ordenamos al licenciado Fidalgo Córdova que emitiera su contestación a dicha Queja en varias

ocasiones, a saber: 7 de septiembre de 2010 y 10 de febrero de 2011. En ambas ocasiones la correspondencia fue devuelta a este Foro. Reiteramos nuestro requerimiento el 24 de marzo de 2010, y apercibimos al licenciado Fidalgo Córdova que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esta Resolución se notificó personalmente el 31 de marzo de 2011.

No obstante, el licenciado Fidalgo Córdova no ha comparecido.

Las direcciones a las que se le remitieron los documentos relativos a esta Queja fueron: (1) PO Box 192377, San Juan, PR 00919-2377 (7 de septiembre de 2010 - devuelta por el correo "Box Closed"); (2) PO Box 191735, San Juan, PR 00919-1735 (10 de febrero de 2011 - devuelta por el correo "Unclaimed").

**Queja Núm. AB-2010-312** del 13 de diciembre de 2010 instada por el señor Alberto Torres Escobar. En dicha Queja el quejoso alegó que el día 29 de noviembre de 2010, a eso de las 10:00 a.m., en el Tribunal Municipal de Trujillo Alto, el licenciado Fidalgo Córdova le dijo "cállate la boca" en forma arrogante y altanera, y más adelante, se le acercó para invitarlo a pelear diciendo "podemos resolver esto afuera". El incidente surgió en presencia del Lcdo. Rafael Rivera Fuster, cuando el quejoso y el licenciado Fidalgo Córdova discutían en torno

a las alegaciones a ser planteadas en una vista, mientras esperaban ser llamados.

Presentada la Queja, le ordenamos al licenciado Fidalgo Córdova que emitiera su contestación en varias ocasiones, a saber: el 29 de diciembre de 2010 y el 20 de enero de 2011. En ambas ocasiones la correspondencia fue devuelta a este Foro. Reiteramos nuestro requerimiento el 17 de marzo de 2011 y apercibimos al licenciado Fidalgo Córdova que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esta resolución se notificó personalmente el 31 de marzo de 2011.

No obstante, el licenciado Fidalgo Córdova no ha comparecido.

Las direcciones a las que se le remitieron los documentos relativos a esta Queja fueron: (1) PO Box 191735, San Juan, PR 00919-1735 (29 de diciembre de 2010 – devuelta por el correo "Attempted - Not Known"); (2) 1204 Villas del Señorial, San Juan, PR 00926 (20 de enero de 2011 – devuelta por el correo "Unclaimed").

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y

obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re García Incera, 177 D.P.R. 329 (2009); In re Colón Rivera, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re García Incera, supra; In re Maldonado Rivera, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re García Incera, supra; In re Lloréns Sar, 170 D.P.R. 198 (2007). Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. In re García Incera, supra; In re Rodríguez Bigas, 172 D.P.R. 345 (2007).

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, **sino a la jurisdicción disciplinaria de este Tribunal**. In re García Incera, supra.

**III**

El licenciado Fidalgo Córdova ha incumplido con nuestros requerimientos en innumerables ocasiones, a pesar de haber sido apercibido de que podría imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Un análisis del voluminoso expediente del licenciado Fidalgo Córdova refleja de manera meridiana que la conducta de éste es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. La conducta del licenciado Fidalgo Córdova representa una falta de respeto hacia los tribunales.

**IV**

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al Lcdo. Luis C. Fidalgo Córdova del ejercicio de la abogacía. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta

(30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Luis C. Fidalgo Córdova por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

LUIS C. FIDALGO CÓRDOVA      **Núm.**   AB-2009-298
                                        AB-2010-209
                                        AB-2010-312

SENTENCIA

San Juan, Puerto Rico, a 13 de octubre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Luis C. Fidalgo Córdova.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente tanto la Opinión *Per Curiam* como esta Sentencia al Lcdo. Luis C. Fidalgo Córdova por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo