EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Juan Gerardo Colón Rivera | 2014 TSPR 25 <br><br> 190 DPR ____ |

Número del Caso: AB-2012-279

Fecha: 29 de enero de 2014

Abogado del Querellado:

        Por derecho propio

Oficina de la Procuradora General:

        Lcda. Tatiana Grajales Torruellas
        Subprocuradora General

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In Re*:

   Juan Gerardo Colón Rivera

                     AB-2006-279

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de enero de 2014.

El 28 de septiembre de 2006 el señor Armando Maldonado Lebrón presentó una queja sobre conducta profesional contra el licenciado Juan Gerardo Colón Rivera por su labor como notario al autorizar una escritura de compraventa. El señor Maldonado Lebrón señaló que no obtuvo copia de la escritura de compraventa ni de otros documentos relacionados debido a que no logró comunicarse con el licenciado por un periodo de dos meses. Adujo que los documentos que solicitó son necesarios, entre otras razones, para lograr el cambio de título del inmueble y para fines de exenciones contributivas.

Sin embargo, en el 2007 el licenciado Colón Rivera fue suspendido indefinidamente del

ejercicio de la profesión por su renuencia a cumplir con las órdenes de este Tribunal relacionadas a otras dos quejas por conducta profesional que pesaban en su contra.[1] Por esa razón, la queja del presente caso fue archivada administrativamente. Con el propósito de solicitar su reinstalación, el licenciado compareció en el 2010 y presentó su contestación a varias quejas pendientes, incluyendo la que nos ocupa. En aquel momento, el licenciado alegó que había entregado la copia de la escritura de compraventa al quejoso cuando se perfeccionó la misma y que los demás documentos estaban en posesión exclusiva del banco.

En el 2011 reinstalamos al licenciado Colón Rivera y reactivamos la queja presentada por el señor Maldonado Lebrón, concediéndole al licenciado un término de veinte días para que la contestara. Tiempo después, el 28 de noviembre de 2011, le concedimos un término final e improrrogable de diez días para que cumpliera con la Resolución anterior.[2]

Al no comparecer dentro dicho término final, referimos la queja a la Oficina del Procurador General para que preparara un informe sobre las quejas pendientes

---

[1] Sentencia del 6 de marzo de 2007 en los casos AB-2005-024 y AB-2006-295.

[2] La Resolución de 28 de noviembre de 2011 se refiere a cuatro quejas diferentes pendientes contra el licenciado Colón Rivera.

contra el licenciado.[3] En su informe, el Procurador General concluyó que en este caso el abogado pudo haber violado el Canon 19 del Código de Ética Profesional al no mantener comunicación con su cliente, el señor Armando Maldonado Lebrón.[4]

El 17 de julio de 2012 le concedimos un término al licenciado Colón Rivera para que se expresara sobre el Informe del Procurador General y le advertimos que de no hacerlo se entendería que se allanaba a las recomendaciones allí expuestas. El 25 de enero de 2013 amonestamos al licenciado por no expresarse en torno al Informe y le ordenamos que proveyera los documentos solicitados por el señor Maldonado Lebrón. Por último, el 26 de abril de 2013, le concedimos un término final de veinte días para que cumpliera con la orden previa y le apercibimos que de incumplir podría estar sujeto a sanciones disciplinarias e incluso la separación del ejercicio de la profesión. Según consta en el expediente, dicha Resolución fue notificada personalmente al licenciado por la Oficina de Alguaciles del Tribunal el 23 de mayo de 2013. Al día de hoy, el abogado aún no ha comparecido para expresarse sobre estos requerimientos ni para dar explicación alguna.

---

[3] El 18 de abril de 2012 le ordenamos a la Oficina del Procurador General de Puerto Rico que presentara un informe y su recomendación sobre las quejas pendientes contra el licenciado Colón Rivera: AB-2004-260, AB-2006-279 y AB-2006-342.

[4] 4 L.P.R.A. Ap. IX.

I

En numerosas ocasiones hemos recalcado el deber que tienen los miembros de la clase togada de responder con premura a los requerimientos de este Tribunal relacionados a quejas por conducta profesional.[5] Esa obligación es esencial a la actitud de respeto que todo abogado y toda abogada debe asumir hacia los tribunales y su incumplimiento puede conllevar la imposición de sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión.[6] A ese fin, el Canon 9 del Código de Ética Profesional dispone, en lo pertinente

> El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces **o contra el buen orden en la administración de la justicia en los tribunales.** En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.[7]

A tenor con ello, hemos señalado que se infringe el Canon 9 al desatender una orden judicial pues ello

---

[5] *In re*: Calixto A. López, 2013 T.S.P.R. 105, 189 D.P.R. ___ (2013); *In re*: Rivera Rosado, 180 D.P.R. 698 (2011).

[6] *Véanse, por ejemplo*: *In re*: Rodríguez Salas, 181 D.P.R. 579 (2011); *In re*: Martínez Sotomayor I, 181 D.P.R. 1 (2011); *In re*: Rodríguez Rodríguez, 180 D.P.R. 841 (2011); *In re*: Polanco Ortíz, 179 D.P.R. 771 (2010); *In re*: Grau Díaz, 167 D.P.R. 397 (2006); In re: Quiñones Cardona, 164 D.P.R. 217 (2005); *In re*: Zayas Cabán, 162 D.P.R. 839 (2004); *In re*: Arroyo Rivera, 161 D.P.R. 567 (2004); *In re*: Torres Torregrosa, 161 D.P.R. 66 (2004); *In re: Vilanova Alfonso, 159 D.P.R. 167 (2003).*

[7] 4 L.P.R.A. Ap. IX. (Énfasis suplido).

constituye un agravio a la autoridad de los tribunales.[8] Además, hemos reiterado que "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal."[9] Por todo ello, los abogados y las abogadas tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal.

II

El licenciado Colón Rivera, si bien contestó la queja del presente caso al solicitar su reinstalación en el 2010, no ha comparecido a expresarse en cuanto a nuestros requerimientos desde que la misma fue reactivada en el 2011. Tampoco ha comparecido para expresarse sobre el Informe de la Oficina del Procurador General o para darnos alguna explicación de su incomparecencia. El licenciado ha actuado de forma censurable al no responder a los requerimientos y órdenes de este Tribunal, a pesar de habérsele apercibido de las graves consecuencias de su incumplimiento.

Por todo lo anterior, se suspende al licenciado Juan Gerardo Colón Rivera indefinidamente del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar

---

[8] *In re*: Fidalgo Córdova, 2011 TSPR 164; *In re*: Maldonado Rivera, 147 D.P.R. 380 (1999).

[9] *In re*: Escalona Colón, 149 D.P.R. 900, 901 (2000).

oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Se ordena la incautación de su obra y sello notarial. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión y sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re:*


                              AB-2006-279
Juan Gerardo Colón Rivera


                        SENTENCIA


       En San Juan, Puerto Rico, a 29 de enero de 2014.

       Por los fundamentos expuestos en la Opinión
*Per Curiam* que antecede, se suspende al licenciado
Juan Gerardo Colón Rivera indefinidamente del
ejercicio de la abogacía y la notaría. Se le impone
el deber de notificar a todos sus clientes de su
inhabilidad para seguir representándolos, devolver
cualesquiera honorarios recibidos por trabajos no
realizados e informar oportunamente de su
suspensión a los distintos foros judiciales y
administrativos del país. Se ordena la incautación
de su obra y sello notarial.

       Además, deberá acreditar a este Tribunal el
cumplimiento con lo anterior dentro del término de
treinta días a partir de la notificación de esta
opinión y sentencia.

       Lo acordó el Tribunal y certifica la
Secretaria del Tribunal Supremo. La Juez Asociada
señora Rodríguez Rodríguez no intervino.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo