TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Luis R. Mendoza Ramírez | 2013 TSPR 35<br><br>188 DPR ____ |

Número del Caso: AB-2006-283
            Cons.
            AB-2012-314
            (Ref. CP-2011-17)


Fecha: 14 de marzo de 2013


Abogado de la parte querellada:

        Por derecho Propio


Colegio de Abogados de Puerto Rico

        Lcda. María de Lourdes Rodríguez


Oficina de Inspección de Notarías:

        Lcda. Lourdes Quintana Llorens
        Directora

        Lcda. Marla D. Ríos Díaz
        Directora Auxiliar



Materia: Conducta Profesional – La suspensión será efectiva el 21 de marzo de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Luis R. Mendoza Ramírez          AB-2006-283
                                    cons.
                                  AB-2012-314

                                   (Ref.
                                  CP-2011-17)

*Per Curiam*

En San Juan, Puerto Rico, a 14 de marzo de 2013.

I

El licenciado Luis R. Mendoza Ramírez fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y a la notaria el 4 de octubre de 1979. En contra del letrado se presentaron dos quejas, una ante la Oficina de Inspección de Notarías (ODIN) y otra ante la Comisión de Ética del Colegio de Abogados de Puerto Rico (Colegio de Abogados), las cuales fueron posteriormente referidas ante este Tribunal. En el trámite de ambas quejas, el letrado ha incumplido reiteradamente con nuestros requerimientos. Por ello consolidamos las quejas

AB-2006-0283 y AB-2012-314, las que a continuación resumimos.[1]

AB-2006-0283: El 14 de agosto de 2007, la ODIN presentó ante este Tribunal un *Informe* mediante el cual nos informó de una queja presentada por el señor Isaías Hernández Garay (quejoso) en contra del licenciado Mendoza Ramírez el 4 de octubre de 2006. Según éste, por falta de pago por uno de los miembros de una sucesión, el licenciado Mendoza Ramírez no cumplió parte de un acuerdo en el que se le requirió presentar en el Registro de la Propiedad unas escrituras relacionadas a la partición de una herencia. Al respecto, el quejoso alegó que las escrituras no se habían presentado aun cuando habían transcurrido más de un año y medio desde que el letrado las autorizó. Asimismo, señaló que no existe comunicación con el abogado.

A esos efectos, el licenciado Mendoza Ramírez presentó ante la ODIN su reacción a la queja junto con un legajo que contiene las escrituras y minutas de presentación ante el Registrador relacionadas a la queja. Así pues, negó la falta de comunicación con el quejoso y sostuvo que todas las escrituras y documentos pertinentes a la partición de la herencia fueron presentados en el Registro de la Propiedad.

---

[1] Además, el licenciado Mendoza Ramírez tiene pendiente ante este Tribunal una querella presentada por el

De los documentos presentados por el licenciado Mendoza Ramírez, la ODIN concluyó que el asunto medular de la queja parecía haberse resuelto ya que en efecto las escrituras relacionadas a la partición de herencia fueron presentadas en el Registro de la Propiedad. No obstante lo anterior, la ODIN indicó que no fue hasta dos meses después de que el quejoso radicó la queja que se presentaron algunas de las escrituras y documentos en el Registro de la Propiedad. Así pues, resaltó que aun cuando una de las escrituras fue autorizada el 19 de marzo de 2005 no fue hasta el 11 de diciembre de 2006 que el licenciado la presentó ante el Registrador.[2]

La ODIN interpretó que el quejoso tuvo que solicitar la intervención de este Tribunal para que el licenciado cumpliera con la responsabilidad asumida. En su Informe recomienda el archivo de la queja luego de que se le ordene al licenciado Mendoza Ramírez informar sobre el estado de la calificación e inscripción de las escrituras y documentos objetos de la queja y de que se le aperciba contra futuras actuaciones de tal naturaleza.

---

Procurador General (CP-2011-0017) la cual no será parte de este caso.

[2] Escritura Número 17 de *Liquidación de Sociedad de Gananciales, Rectificación de Cabida, Segregaciones, Constitución de Servidumbre, Cesión a Uso Público, Partición de Herencia y Adjudicaciones* otorgada por la sucesión de Marcelino Hernández Díaz y Carlina Rivera el 19 de marzo de 2005 ante el licenciado Mendoza Ramírez.

En vista de lo anterior, el 23 de septiembre de 2008 concedimos al licenciado un término de sesenta días para que nos informara el estado de la calificación e inscripción de las escrituras presentadas en el Registro de la Propiedad. A esos efectos, el licenciado presentó *Moción en Cumplimiento de Orden* en la que nos informó sobre las gestiones que había realizado para darle seguimiento a los asientos presentados en el Registro de la Propiedad relacionados a la queja.

Posteriormente, el 8 de junio de 2009, le instruimos al letrado a que nos mantuviera informados sobre el estado de la calificación e inscripción de las escrituras en cuestión. El abogado no respondió a dicho requerimiento, por lo que el 8 de agosto de 2011 le concedimos un término adicional de treinta (30) días para que diera cumplimiento a la orden anterior. Nuevamente ignorado nuestro requerimiento, el 20 de septiembre de 2012 le concedimos un término final de diez (10) días para que diera cumplimiento a las órdenes anteriores.

Transcurridos cerca de seis meses, aún no hemos recibido respuesta a nuestras órdenes relacionadas a este asunto.

AB-2012-314: Por otro lado, el 17 de febrero de 2012 la señora Mercedes Rodríguez Pabellón (quejosa) presentó ante el Colegio de Abogados una queja formal en contra del

licenciado Mendoza Ramírez.[3] Según surge del *Formulario de Queja sobre Conducta Profesional de Abogado* y el *Contrato de Servicios* otorgado el 23 de febrero de 2004 entre el licenciado Mendoza Ramírez y la quejosa, ésta contrató al letrado para que gestionara la partición de herencia y la segregación y adjudicación de un predio que le corresponde por sus derechos de un caudal hereditario. La quejosa pagó al licenciado lo pactado, sin embargo, ésta sostiene que a ocho años desde el convenio, los servicios acordados no han sido completados. Al respecto, alega que durante los tres años antes de radicar la queja, el abogado no realizó trámite alguno para cumplir el acuerdo. El licenciado tampoco ofreció a la quejosa una solución para atender sus requerimientos.

El Colegio de Abogados notificó por escrito al licenciado Mendoza Ramírez, en cinco ocasiones, la instancia de la queja en su contra y le concedió tiempo para expresarse.[4] De esas comunicaciones surge que el Colegio de Abogados envió al licenciado Mendoza Ramírez

---

[3] Queja Número Q-2012-17 ante la Comisión de Ética del Colegio de Abogados.

[4] El Colegio de Abogados envió al licenciado Mendoza Ramírez las cartas a la dirección postal que surge del Registro Único de Abogados, a saber: P.O. Box 5065, Caguas, P.R. 00726. Las mismas fueron remitidas: el 1 de marzo de 2012 vía correo certificado con prueba de que fue recibida por el letrado; el 12 de abril de 2012 por correo regular; el 8 de mayo de 2012 por correo certificado con prueba de que fue devuelta por no haber sido reclamada; el 1 de junio de 2012 vía correo certificado con prueba de que fue recibida; y el 7 de agosto de 2012 vía correo regular.

copia de la queja, le dio oportunidad de expresar su posición al respecto, le concedió término adicional para contestar y le apercibió que la queja sería referida ante este Tribunal si incumplía con sus requerimientos.

Ausente una respuesta por parte del licenciado Mendoza Ramírez, el 16 de agosto de 2012 el Colegio de Abogados presentó ante este foro una *Moción Informativa sobre Incumplimiento de Colegiado* en la que nos informó sobre la incomparecencia del abogado y nos solicitó que tomáramos la acción que estimáramos pertinente.

Así las cosas, mediante Resolución de 10 de septiembre de 2012 le concedimos al licenciado Mendoza Ramírez un término de diez (10) días para que cumpliera con los requerimientos del Colegio de Abogado, además de que dentro del mismo término nos expusiera las razones por las cuales no debía ser disciplinado por no responder a éstos. La Resolución fue diligenciada personalmente el 17 de septiembre de 2012.

El 11 de enero de 2013, el Colegio de Abogados nos presentó una *Moción Informativa* en la cual indicó que el licenciado Mendoza Ramírez no había contestado la queja. Seis meses desde que se le notificó personalmente nuestra orden, aún no hemos recibido respuesta del letrado a nuestro requerimiento de expresar las causas por las cuales este Tribunal no debiera disciplinarlo.

II

En reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.[5] Ello tiene que hacerse prontamente, independientemente de los méritos de las quejas presentadas en su contra.[6] No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, que dicta: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[7]

Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta

---

[5] Véanse, por ejemplo: *In re* Colón Olivo, 2013 T.S.P.R. 22; *In re* Buono Colón, 2012 T.S.P.R. 177; *In re* Torres Trinidad, 183 D.P.R. 371 (2011); *In re* Rodríguez Salas, 181 D.P.R. 579 (2011); *In re* Martínez Sotomayor I, 181 D.P.R. 1 (2011); *In re* Rodríguez Rodríguez, 180 D.P.R. 841 (2011); *In re* Fiel Martínez, 180 D.P.R. 426 (2010); *In re* Polanco Ortiz, 179 D.P.R. 771 (2010); *In re* Grau Díaz, 167 D.P.R. 397 (2006); *In re* Quiñones Cardona, 164 D.P.R. 217 (2005); *In re* Zayas Cabán, 162 D.P.R. 839 (2004); *In re* Arroyo Rivera, 161 D.P.R. 567 (2004); *In re* Torres Torregrosa, 161 D.P.R. 66 (2004); *In re* Fernández Pacheco, 152 D.P.R. 531 (2000); *In re* Corujo Collazo, 149 D.P.R. 857 (1999); *In re* Ron Menéndez, 149 D.P.R. 105 (1999); *In re* Ribas Dominicci, 131 D.P.R. 491 (1992).

[6] *In re* García Ortiz, 2013 T.S.P.R. 5; *In re* Otero Encarnación, 179 D.P.R. 827 (2010).

[7] Canon 9, Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 9. *Véanse: In re* Rosado Cruz, 176 D.P.R. 1012 (2009); *In re* Salichs Martínez, 131 D.P.R. 481 (1992).

profesional.[8] La dejadez es incompatible con el ejercicio de la abogacía.[9] Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.[10]

III

El Lcdo. Luis R. Mendoza Ramírez ha actuado de forma censurable al no responder a los requerimientos que le ha hecho este Tribunal. Su reiterado incumplimiento con nuestras órdenes constituye una violación al Canon 9 de Ética Profesional, que nos lleva a decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría, según se le había apercibido. Además, se ordena el archivo administrativo de la querella CP-2011-0017 hasta que el letrado solicite su reinstalación.

Como consecuencia, se le impone al señor Luis R. Mendoza Ramírez el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior

---

[8] *In re* Montes Díaz, 184 D.P.R. 90 (2011); *In re* Otero Encarnación, supra.

[9] *In re* Colón Rivera, 170 D.P.R. 440 (2007); *In re* González Barreto, 169 D.P.R. 772 (2006).

[10] *In re* Montes Díaz, supra; *In re* Feliciano Jiménez, 176 D.P.R. 234 (2009); *In re* Osorio Díaz, 146 D.P.R. 39 (1998); *In re* Reyes Rovira, 139 D.P.R. 42 (1995).

dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Luis R. Mendoza Ramírez y entregarlos a la Directora de la ODIN para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Luis R. Mendoza Ramírez

AB-2006-283
cons.
AB-2012-314

(Ref.
CP-2011-17)

*SENTENCIA*

En San Juan, Puerto Rico, a 14 de marzo de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Sr. Luis R. Mendoza Ramírez del ejercicio de la profesión inmediata e indefinidamente.

Se le ordena al señor Mendoza Ramírez notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo