per curiam:
HH
El Ledo. Luis R. Mendoza Ramírez fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y a la notaría el 4 de octubre de 1979. En contra del letrado se presentaron dos quejas, una ante la Oficina de Inspección de Notarías (ODIN) y otra ante la Comisión de Ética del Colegio de Abogados de Puerto Rico (Colegio de Abogados), las cuales fueron posteriormente referidas a este Tribunal. En el trámite de ambas quejas, el letrado ha incumplido reiteradamente con nuestros requerimientos. Por ello consolidamos las quejas AB-2006-0283 y AB-2012-314, las que a continuación resumimos.(1)

AB-2006-0283

El 14 de agosto de 2007, la ODIN presentó ante este Tribunal un Informe mediante el cual nos informó de una queja presentada por el Sr. Isaías Hernández Garay (quejoso) en contra del licenciado Mendoza Ramírez el 4 de octubre de 2006. Según éste, por falta de pago por uno de los miembros de una sucesión, el licenciado Mendoza Ramírez no cumplió parte de un acuerdo en el que se le requirió presentar en el Registro de la Propiedad unas escrituras relacionadas con la partición de una herencia. Al respecto, el quejoso alegó que las escrituras no se habían presentado aun cuando había transcurrido más de año y medio desde que el letrado las autorizó. Asimismo, señaló que no existe comunicación con el abogado.
A esos efectos, el licenciado Mendoza Ramírez presentó ante la ODIN su reacción a la queja junto con un legajo que *246 contiene las escrituras y minutas de presentación ante el Registrador de la Propiedad (Registrador) relacionadas con la queja. Así pues, negó la falta de comunicación con el quejoso y sostuvo que todas las escrituras y los documentos pertinentes a la partición de la herencia fueron presentados en el Registro de la Propiedad.
De los documentos presentados por el licenciado Mendoza Ramírez, la ODIN concluyó que el asunto medular de la queja parecía haberse resuelto ya que, en efecto, las escrituras relacionadas con la partición de herencia fueron presentadas en el Registro de la Propiedad. No obstante lo anterior, la ODIN indicó que no fue hasta dos meses después de que el quejoso instó la queja que se presentaron algunas de las escrituras y los documentos en el Registro de la Propiedad. Así pues, resaltó que aun cuando una de las escrituras fue autorizada el 19 de marzo de 2005, no fue hasta el 11 de diciembre de 2006 que el licenciado la presentó ante el Registrador.(2)
La ODIN interpretó que el quejoso tuvo que solicitar la intervención de este Tribunal para que el licenciado cumpliera con la responsabilidad asumida. En su Informe recomienda el archivo de la queja luego de que se le ordene al licenciado Mendoza Ramírez informar sobre el estado de la calificación e inscripción de las escrituras y los documentos objetos de la queja y de que se le aperciba contra futuras actuaciones de tal naturaleza.
Como resultado de lo anterior, el 23 de septiembre de 2008 concedimos al licenciado un término de sesenta días para que nos informara el estado de la calificación e inscripción de las escrituras presentadas en el Registro de la Propiedad. A esos efectos, el licenciado presentó una Moción en Cumplimiento de Orden en la que nos informó de *247 las gestiones que había realizado para darle seguimiento a los asientos presentados en el Registro de la Propiedad relacionados con la queja.
Posteriormente, el 8 de junio de 2009, le instruimos al letrado a que nos mantuviera informados sobre el estado de la calificación e inscripción de las escrituras en cuestión. El abogado no respondió a dicho requerimiento, por lo que el 8 de agosto de 2011 le concedimos un término adicional de treinta días para que diera cumplimiento a la orden anterior. Nuevamente ignorado nuestro requerimiento, el 20 de septiembre de 2012, le concedimos un término final de diez días para que diera cumplimiento a las órdenes anteriores.
Transcurridos cerca de seis meses, aún no hemos recibido respuesta a nuestras órdenes relacionadas a este asunto.

AB-2012-314

Por otro lado, el 17 de febrero de 2012, la Sra. Mercedes Rodríguez Pabellón (quejosa) presentó ante el Colegio de Abogados una queja formal en contra del licenciado Mendoza Ramírez.(3) Según surge del Formulario de Queja sobre Conducta Profesional de Abogado y el Contrato de Servicios otorgado el 23 de febrero de 2004 entre el licenciado Mendoza Ramírez y la quejosa, ésta contrató al letrado para que gestionara la partición de herencia y la segregación y adjudicación de un predio que le corresponde por sus derechos de un caudal hereditario. La quejosa pagó lo pactado al licenciado; sin embargo, ésta sostiene que a ocho años desde el convenio, los servicios acordados no han sido completados. Al respecto, alega que durante los tres años antes de presentar la queja, el abogado no realizó trámite alguno para cumplir el acuerdo. El licenciado tampoco ofreció a la quejosa una solución para atender sus requerimientos.
*248 El Colegio de Abogados notificó por escrito en cinco ocasiones al licenciado Mendoza Ramírez la instancia de la queja en su contra y le concedió tiempo para expresarse.(4) De esas comunicaciones surge que el Colegio de Abogados envió al licenciado Mendoza Ramírez copia de la queja, le dio oportunidad de expresar su posición al respecto, le concedió término adicional para contestar y le apercibió que la queja sería referida a este Tribunal si incumplía con sus requerimientos.
Ante la ausencia de una respuesta del licenciado Mendoza Ramírez, el 16 de agosto de 2012, el Colegio de Abogados presentó ante este foro una Moción Informativa sobre Incumplimiento de Colegiado en la que nos informó sobre la incomparecencia del abogado y nos solicitó que tomáramos la acción que estimáramos pertinente.
Así las cosas, mediante Resolución de 10 de septiembre de 2012, le concedimos al licenciado Mendoza Ramírez un término de diez (10) días para que cumpliera con los requerimientos del Colegio de Abogados, además de que dentro del mismo término nos expusiera las razones por las cuales no debía ser disciplinado por no responder a éstos. La Resolución fue diligenciada personalmente el 17 de septiembre de 2012.
El 11 de enero de 2013, el Colegio de Abogados nos presentó una Moción Informativa en la cual indicó que el licenciado Mendoza Ramírez no había contestado la queja. Seis meses desde que se le notificó personalmente nuestra orden, aún no hemos recibido respuesta del letrado a nuestro requerimiento de expresar las causas por las cuales este Tribunal no debiera disciplinarlo.
*249 II
En reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.(5) Ello tiene que hacerse prontamente, independientemente de los méritos de las quejas presentadas en su contra.(6) No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, que dispone: “El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”.(7)
Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.(8) La dejadez es incompatible con el ejercicio de la abogacía.(9) Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones discipli *250 narias por no comparecer ante este Tribunal, procede suspenderlo inmediatamente de la profesión.(10)
III
El Ledo. Luis R. Mendoza Ramírez ha actuado de forma censurable al no responder a los requerimientos que le ha hecho este Tribunal. Su reiterado incumplimiento con nuestras órdenes constituye una violación al Canon 9 del Código de Etica Profesional, supra, que nos lleva a decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría, según se le había apercibido. Además, se ordena el archivo administrativo de la querella CP-2011-0017 hasta que el letrado solicite su reinstalación.
Como consecuencia, se le impone al Sr Luis R. Mendoza Ramírez el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión “per curiam” y Sentencia. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Sr. Luis R. Mendoza Ramírez y entregarlos a la Directora de la ODIN para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Además, el licenciado Mendoza Ramírez tiene pendiente ante este Tribunal una querella presentada por el Procurador General (CP-2011-0017), la cual no será parte de este caso.

 Escritura Número 17 de Liquidación de Sociedad de Gananciales, Rectificación de Cabida, Segregaciones, Constitución de Servidumbre, Cesión a Uso Público, Partición de Herencia y Adjudicaciones otorgada por la sucesión de Marcelino Hernández Díaz y Carlina Rivera el 19 de marzo de 2005 ante el licenciado Mendoza Ramírez.

 Queja Número Q-2012-17 ante la Comisión de Ética del Colegio de Abogados.

 El Colegio de Abogados envió las cartas al licenciado Mendoza Ramírez a la dirección postal que surge del Registro Unico de Abogados, a saber: PO Box 5065, Caguas, PR 00726. Las mismas fueron remitidas: el 1 de marzo de 2012 vía correo certificado con prueba de que fue recibida por el letrado; el 12 de abril de 2012 por correo regular; el 8 de mayo de 2012 por correo certificado con prueba de que fue devuelta por no haber sido reclamada; el 1 de junio de 2012 vía correo certificado con prueba de que fue recibida, y el 7 de agosto de 2012 vía correo regular.

 Véanse, por ejemplo: In re Colón Olivo, 187 DPR 659 (2013); In re Buono Colón, 187 DPR 379 (2013); In re Torres Trinidad, 183 DPR 371 (2011); In re Rodríguez Salas, 181 DPR 579 (2011); In re Martínez Sotomayor I, 181 DPR 1 (2011); In re Rodríguez Rodríguez, 180 DPR 841 (2011); In re Fiel Martínez, 180 DPR 426 (2010); In re Polanco Ortiz, 179 DPR 771 (2010); In re Grau Díaz, 167 DPR 397 (2006); In re Quiñones Cardona, 164 DPR 217 (2005); In re Zayas Cabán, 162 DPR 839 (2004); In re Arroyo Rivera, 161 DPR 567 (2004); In re Torres Torregrosa, 161 DPR 66 (2004); In re Fernández Pacheco, 152 DPR 531 (2000); In re Corujo Collazo, 149 DPR 857 (1999); In re Ron Menéndez, 149 DPR 105 (1999); In re Ribas Dominicci I, 131 DPR 491 (1992).

 In re García Ortiz, 187 DPR 507 (2012); In re Otero Encarnación, 179 DPR 827 (2010).

 Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse: In re Rosado Cruz, 176 DPR 1012 (2009); In re Salichs Martínez, 131 DPR 481 (1992).

 In re Montes Díaz, 184 DPR 90 (2011); In re Otero Encarnación, supra.

 In re Colón Rivera, 170 DPR 440 (2007); In re González Barreto, 169 DPR 772 (2006).

 In re Montes Díaz, supra; In re Feliciano Jiménez, 176 DPR 234 (2009); In re Osorio Díaz, 146 DPR 39 (1998); In re Reyes, Rovira, 139 DPR 42 (1995).