EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Rosaura Rivera Trani | 2013 TSPR 65 <br><br> 188 DPR ____ |

Número del Caso: TS-13125

Fecha: 22 de abril de 2013

Materia: Conducta Profesional – La suspensión será efectiva a partir del 25 de mayo de 2013, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Rosaura Rivera Trani                    TS-13125

*PER CURIAM*

En San Juan, Puerto Rico, a 22 abril de 2013.

I

La licenciada Rosaura Rivera Trani fue admitida al ejercicio de la abogacía el 25 de enero de 2000 y a la notaría el 16 de junio de 2000.

El 12 de diciembre de 2012, la Directora del Programa de Educación Jurídica Continua (PEJC) nos informó que la licenciada Rivera Trani había incumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de febrero de 2007 al 31 de enero de 2009.[1]

_____
[1] Reglamento de Educación Jurídica Continua de 1998, 4 L.P.R.A. Ap. XVII-D.

El PEJC refirió el asunto ante este Tribunal debido a "la actitud pasiva" demostrada por la licenciada frente a los requisitos de educación jurídica continua, no obstante haberle concedido tiempo suficiente para completar los mismos y la oportunidad de ser oída. La Directora del PEJC indicó que al momento de enviarle a la licenciada las notificaciones de incumplimiento y citación a vista informal, descansó en la información personal de ésta que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).[2]

Según surge del *Informe sobre Cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal)* y de los documentos presentados por la Directora, el 25 de febrero de 2009 el PEJC envió por correo a la licenciada Rivera Trani un Aviso de Incumplimiento en el que: le notificó su incumplimiento con los requisitos de educación jurídica continua; le impuso el pago de una cuota de cincuenta (50) dólares; le concedió un término de  sesenta (60) días para completar los cursos exigidos o acreditar su cumplimiento; y le apercibió que, de no acreditar el cumplimiento con los

---

[2] El Registro Único de Abogados y Abogadas (RUA) es la base de datos que contiene la información de las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Véase *In re* Toro Soto, 181 D.P.R. 654 (2011). Mediante Resolución de 3 de junio de 2010 ordenamos a todo abogado y abogada, que en un término de treinta días, revisaran y actualizaran sus direcciones registradas en el RUA. Véase *In re* Rs. Proc. Civil y R.T. Supremo, 179 D.P.R. 174 (2010).

cursos y el pago de la cuota, sería citada a una vista informal.[3]

Transcurridos casi dos años desde que expiró el periodo de cumplimiento, la licenciada Rivera Trani no presentó evidencia de haber completado los cursos de educación jurídica continua y tampoco pagó la cuota. Como consecuencia, el 18 de noviembre de 2010 el PEJC envió por correo una citación a vista informal en la que apercibió a la abogada que, de no comparecer a expresar las razones por su incumplimiento, el asunto sería referido al Tribunal Supremo.[4] La citación fue devuelta al remitente luego de que el servicio postal intentara diligenciar infructuosamente la carta.[5] Por ello, el 30 de noviembre de 2010 el PEJC reenvió la citación a vista informal a través del correo electrónico de la abogada registrado en el RUA.[6] En dicho comunicado se le advirtió, además, la importancia de actualizar sus datos en la base de datos de este Tribunal. La licenciada Rivera Trani no compareció a la vista informal.

---

[3] El Aviso de Incumplimiento fue enviado por correo a la dirección: Urb. Villa Del Carmen, 2897 Calle Toledo, Ponce, PR 00716-2239.

[4] La Citación a Vista a celebrarse el 10 de diciembre de 2010 fue enviada por correo a la dirección postal de la licenciada Rivera Trani que surge del RUA, a saber: P.O. Box 742, Peñuelas, PR 00624.

[5] El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

[6] El correo electrónico de la licenciada Rivera Trani disponible en el RUA es rosaurarivera@yahoo.com.

Posteriormente, el PEJC envió por correo electrónico a la licenciada Rivera Trani otro aviso de incumplimiento, pero esta vez por el periodo comprendido del 1 de febrero de 2009 al 31 de enero de 2011. En el comunicado, se orientó a la letrada de su deber de mantener actualizada su información personal en el RUA. Es pertinente mencionar que en dos ocasiones anteriores, la PEJC intentó notificar este nuevo aviso de incumplimiento por correo; sin embargo, el servicio de correo postal devolvió las cartas sin que fueran reclamadas en la dirección destinada.[7] Sobre este asunto, no se llegó a citar a la letrada para vista informal.

En vista de lo anterior, el 26 de diciembre de 2012 le concedimos a la licenciada Rivera Trani un término de veinte (20) días para que mostrara causa por la cual no debiera ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Enviamos a la licenciada Rivera Trani nuestra Resolución por correo certificado a su dirección

---

[7] El 12 de abril de 2011 se le envió a la licenciada Rivera Trani un Aviso de Incumplimiento a la dirección postal registrada en el RUA, a saber: P.O. Box 742, Peñuelas, PR 00624. El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

El 19 de mayo de 2011 se le envió un segundo aviso a su dirección residencial en la Avenida Muñoz Rivera en Ponce, la que aparece en el RUA. El sello del servicio postal ponchado en el sobre devuelto indica: MOVED, LEFT NO ADDRESS.

postal que aparece registrada en el RUA. El servicio de correo postal devolvió la carta.[8]

El 6 de febrero de 2013 recibimos el *Informe de Seguimiento* de la Oficina del Alguacil de este Tribunal. En el mismo se nos informa sobre las gestiones infructuosas que se llevaron a cabo para diligenciar personalmente nuestra Resolución. Surge que el 31 de enero de 2013 dos alguaciles acudieron a la dirección residencial de la abogada.[9] En la residencia no encontraron a nadie. Una vecina del lugar les informó que allí ya no vivía la letrada ya que ésta se había mudado a los Estados Unidos. Por otro lado, los alguaciles llamaron a los teléfonos de la licenciada que aparecen en su expediente personal en este Tribunal. El número que aparece como teléfono residencial estaba fuera de servicio. El número de teléfono que aparece del lugar de trabajo pertenece a la Junta de Calidad Ambiental en Ponce. Allí les informaron que la licenciada hacía varios años había dejado de trabajar allí.

Al presente, la licenciada Rivera Trani aparece activa en el RUA como abogada-notaria. La dirección postal disponible es aquélla de donde el servicio de

---

[8] El 4 de enero de 2013 se le envió a la licenciada Rivera Trani copia de la Resolución que emitiéramos el 26 de diciembre de 2012 a la dirección postal registrada en el RUA, a saber: P.O. Box 742, Peñuelas, PR 00624. El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

[9] Los alguaciles fueron a la dirección residencial de la abogada en la Urbanización Alta Vista en Ponce, la cual surge de su expediente personal en este Tribunal.

correo ha devuelto la correspondencia enviada por este Tribunal y el PEJC. Además, la licenciada no ha respondido a los avisos y citaciones que el PEJC le ha remitido por el correo electrónico que aparece registrado.

II

El Canon 2 del Código de Ética Profesional dispone que los abogados tienen el deber de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona".[10] Cónsono con lo anterior, este Tribunal adoptó el Reglamento de Educación Jurídica Continua de 1998 (Reglamento de 1998) con el propósito de establecer un programa de educación jurídica obligatoria, que aliente y contribuya al mejoramiento profesional.[11] El mismo requiere que los abogados activos aprueben por lo menos veinticuatro (24) horas crédito en cursos acreditables cada dos (2) años.[12]

Los abogados y abogadas tienen el deber de presentar ante la Junta de Educación Jurídica Continua un informe

---

[10] 4 L.P.R.A. Ap. IX, C. 2.

[11] 4 L.P.R.A. Ap. XVII-D, Regla 1.

[12] 4 L.P.R.A. Ap. XVII-D, Regla 6. Véase además, Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento de 2005), 4 L.P.R.A. Ap. XVII-E; *In re* Piñeiro Vega, 2013 T.S.P.R. 36.

que acredite el cumplimiento con el mínimo de horas crédito a más tardar a los 30 días subsiguientes de finalizado cada periodo de cumplimiento.[13] En el caso de que el abogado o abogada cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un informe explicando las razones que justifiquen su tardanza y pagar una cuota.[14] Ahora bien, si el abogado incumpliera con sus obligaciones, el Director de la Junta le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.[15] Si el abogado o abogada no compareciere, el asunto será remitido a este Tribunal.[16] Anteriormente, este Tribunal ha disciplinado profesionalmente a abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.[17]

Por otro lado, la regla 9(j) del Reglamento del Tribunal Supremo impone a los abogados la obligación de mantener actualizados en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) sus datos personales, la

---

[13] Regla 28 del Reglamento de 2005, *supra*. Véase *In re Grau Collazo*, 185 D.P.R. 938 (2012).

[14] Regla 30 del Reglamento de 2005, *supra*.

[15] Regla 31 del Reglamento de 2005, *supra*.

[16] Regla 32 del Reglamento de 2005, *supra*. Véase, además, Regla 9 del Reglamento de 1998.

[17] *In re Grau Collazo*, *supra*; *In re Ramírez Ferrer*, 183 D.P.R. 382 (2011); *Ex parte Galarza Rodríguez*, 183 D.P.R. 228 (2011).

dirección física y postal tanto de su oficina como de su residencia, y el correo electrónico, entre otros.[18] Es deber de los abogados y notarios avisar oportunamente cualquier cambio en su dirección postal o física a este Tribunal.[19] El abogado deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal.[20] Cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[21] El incumplimiento con ese deber es suficiente para decretar la separación indefinida del abogado de la profesión.[22]

Por último, en reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.[23] Ello

---

[18] 4 L.P.R.A. Ap. XXI-B.

[19] *In re* Toro Soto, *supra*.

[20] 4 L.P.R.A. Ap. XXI-B. Véanse, además, las reglas 65.3 y 67.2 de Procedimiento Civil que proveen para que las notificaciones sobre órdenes, resoluciones y sentencias sean notificadas a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo, 32 L.P.R.A. Ap. V.

[21] *In re* Toro Soto, *supra*; *In re* Sanabria Ortiz, 156 D.P.R. 345 (2002).

[22] *In re* Toro Soto, *supra*; *In re* Soto Colón, 155 D.P.R. 623 (2001); *In re* Berríos Pagán, 126 D.P.R. 458 (1990).

[23] Véanse, por ejemplo: *In re* Mendoza Ramírez, 2013 T.S.P.R. 35; *In re* Colón Olivo, 2013 T.S.P.R. 22; *In re* Buono Colón, 2012 T.S.P.R. 177; *In re* Torres Trinidad, 183 D.P.R. 371 (2011); *In re* Rodríguez Salas, 181 D.P.R. 579 (2011); *In re* Martínez Sotomayor I, 181 D.P.R. 1 (2011); *In re* Rodríguez Rodríguez, 180 D.P.R. 841 (2011); *In re* Fiel Martínez, 180 D.P.R. 426 (2010); *In re* Polanco

tiene que hacerse prontamente, independientemente de los méritos de las quejas presentadas en su contra.[24] No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, que dicta: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[25]

Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.[26] La dejadez es incompatible con el ejercicio de la abogacía.[27] Cuando un abogado se muestra indiferente ante los apercibimientos de sanciones

---

Ortiz, 179 D.P.R. 771 (2010); *In re* Grau Díaz, 167 D.P.R. 397 (2006); *In re* Quiñones Cardona, 164 D.P.R. 217 (2005); *In re* Zayas Cabán, 162 D.P.R. 839 (2004); *In re* Arroyo Rivera, 161 D.P.R. 567 (2004); *In re* Torres Torregrosa, 161 D.P.R. 66 (2004); *In re* Fernández Pacheco, 152 D.P.R. 531 (2000).

[24] *In re* García Ortiz, 2013 T.S.P.R. 5; *In re* Otero Encarnación, 179 D.P.R. 827 (2010).

[25] Canon 9, Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9. Véanse: *In re* Rosado Cruz, 176 D.P.R. 1012 (2009); *In re* Salichs Martínez, 131 D.P.R. 481 (1992).

[26] *In re* Montes Díaz, 184 D.P.R. 90 (2011); *In re* Otero Encarnación, *supra*.

[27] *In re* Colón Rivera, 170 D.P.R. 440 (2007); *In re* González Barreto, 169 D.P.R. 772 (2006).

disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.[28]

                                    III

Los esfuerzos realizados por el PEJC y este Tribunal para contactar a la licenciada Rivera Trani desde el año 2009 han resultado infructuosos porque su información personal en el RUA no está actualizada. La falta de la abogada en mantener su información personal actualizada en el RUA ha obstaculizado nuestra facultad disciplinaria. Esto constituye una violación a nuestras órdenes y a la regla 9(j) del Reglamento de este Tribunal. Como vimos, incumplir con dicho requerimiento es suficiente para suspender indefinidamente a la abogada del ejercicio de la abogacía y la notaría.

La letrada también ha incumplido con los requisitos de educación jurídica continua para los periodos comprendidos desde el 1 de febrero de 2007 hasta el 31 de enero de 2009 y desde el 1 de febrero de 2009 hasta el 31 de enero de 2011.[29] Al momento, la licenciada Rivera Trani no ha acreditado el cumplimiento con las veinticuatro horas crédito para cada uno de los periodos

---

[28] *In re* Montes Díaz, *supra*; *In re* Feliciano Jiménez, 176 D.P.R. 234 (2009); *In re* Osorio Díaz, 146 D.P.R. 39 (1998); *In re* Reyes Rovira, 139 D.P.R. 42 (1995).

[29] De los documentos presentados por la Directora del PEJC surge que la licenciada Rivera Trani tampoco ha acreditado haber cumplido con los requisitos de educación jurídica continua para el periodo del 1 febrero de 2011 al 31 de enero de 2013.

notificados, aun habiéndole concedido amplia oportunidad para hacerlo.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida de la licenciada Rosaura Rivera Trani del ejercicio de la abogacía y de la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Rosaura Rivera Trani y entregarlos a la Directora de la ODIN para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


*In re:*


Rosaura Rivera Trani

                              TS-13125




*SENTENCIA*


En San Juan, Puerto Rico, a 22 de abril de 2013.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende inmediatamente e indefinidamente a la licenciada Rosaura Rivera Trani del ejercicio de la abogacía y de la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Rosaura Rivera Trani y entregarlos a la Directora de la ODIN para el correspondiente examen e informe a este Tribunal.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo